[No. B113309. Second Dist., Div. Five. June 15, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES HONG, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the indicated portions.

1072

**COUNSEL**

Timothy C. Cronin, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey and Lawrence M. Daniels, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**TURNER, P. J.**—Defendant, James Hong, appeals after he was convicted of multiple offenses: attempted murder (Pen. Code, §§ 187, 664);[1] assault with a deadly weapon as a felony (§ 245, subd. (a)); two counts of felony corporal injury to a spouse or cohabitant; (§ 273.5, subd. (a)); making a terrorist threat (§ 422); two counts of misdemeanor assault (§ 240); misdemeanor vandalism (§ 594, subd. (a)); misdemeanor assault by means of force likely to inflict great bodily injury with a deadly weapon (§ 245, subd. (a)(1)); and a single count of misdemeanor corporal injury to a spouse. (§ 273.5, subd. (a).) Additionally, three allegations pursuant section 12022.7, subdivision (d) were found to be true.

In the published portion of the opinion, we address the duty of the superior court clerk to include a restitution fine pursuant to section 1202.4, subdivision (b) and other orders in the abstract of judgment. We further address the requirement that a fine also be imposed pursuant to section 1202.45 when the defendant is fined in compliance with section 1202.4.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

 In the published portion of this opinion we address two issues. The first issue involves the abstract of judgment. The second question involves an additional restitution fine pursuant to section 1202.45. To begin with, we address the issue of whether a restitution fine imposed pursuant to section 1202.4, subdivision (b)[2] must be reflected on the abstract of judgment along with orders for "deoxyribonucleic acid (DNA) and other genetic typing

---

[1] All future statutory references are to the Penal Code unless otherwise indicated.

*See footnote, *ante*, page 1071.

[2] Section 1202.4, subdivisions (b) and (c) provide: "(b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony, and shall not be less than one hundred dollars ($100), and not more than one thousand dollars ($1,000), if the person is convicted of a misdemeanor. [¶] (2) In setting a felony restitution fine, the court may determine the amount of the fine as the product of two hundred dollars ($200) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted. [¶] (c) The court shall impose the restitution fine unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine. Inability to pay may be considered only in increasing the amount of the restitution fine in excess of the two-hundred-dollar ($200) or one-hundred-dollar ($100) minimum."

analysis" pursuant to section 290.2, subdivision (c).[3] The easier question with a clearer answer is whether the section 1202.4, subdivision (b) fine must be set forth on the abstract of judgment. This is a matter of some consequence because abstracts of judgment issued by the County Clerk of Los Angeles County routinely omit any reference to fines. The Attorney General is correct that although the reporter's transcript and the minute order of the probation and sentencing hearing reflect the trial judge imposed the section 1202.4, subdivision (b) restitution fine, the abstract of judgment does not. The abstract of judgment is a form promulgated by the Judicial Council under the authority of section 1213.5 which will be discussed in some detail later in this opinion. The abstract of judgment in this case is Judicial Council Forms, form DSL-290, and it is attached as an appendix to this opinion. As can be noted, paragraph 5 is labeled "OTHER ORDERS" and is followed by a three-eighths inch by three-inch space where a fine can be listed. Under the provided space, the following words appear, "Use additional sheets of plain paper if necessary."[4]

In support of the contention the abstract of judgment must include the section 1202.4, subdivision (b) restitution fine, the Attorney General relies upon the following language in *People* v. *Mesa* (1975) 14 Cal.3d 466, 471 [121 Cal.Rptr. 473, 535 P.2d 337]: "As the Los Angeles Superior Court Criminal Trial Judge's Bench Book states on page 452: 'Rendition of judgment is an oral pronouncement.' Entering the judgment in the minutes being a clerical function (Pen. Code, § 1207), a discrepancy between the judgment as orally pronounced and as entered in the minutes is presumably the result of clerical error. Nor is the abstract of judgment controlling. 'The abstract of judgment is not the judgment of conviction. By its very nature, definition and terms (see Pen. Code, § 1213.5) it cannot add to or modify the judgment which it purports to digest or summarize.' (*People* v. *Hartsell* (1973) 34 Cal.App.3d 8, 14 . . . .)" Appellate courts routinely grant requests on appeal of the Attorney General to correct errors in the abstract of judgment. (E.g., *People* v. *Goodwin* (1997) 59 Cal.App.4th 1084, 1094, fn. 8 [69 Cal.Rptr.2d 576] [abstract corrected to add restitution fine];

---

[3]Section 290.2 states in relevant part: "(a) Any person . . . who is convicted of a felony offense of assault or battery in violation of Section . . . 245 . . . and who is committed to a state prison . . . shall be required to provide two specimens of blood and a saliva sample to that institution . . . . [¶] . . . [¶] (c) The Department of Justice shall provide all blood specimen vials, mailing tubes, labels, and instructions for the collection of the blood specimens, saliva samples, and thumbprints. The specimens and samples shall thereafter be forwarded to the Department of Justice for analysis of deoxyribonucleic acid (DNA) and other genetic typing analysis at the department's DNA laboratory."

[4]Other Judicial Council forms for the abstract of judgment in criminal cases where a prison sentence is imposed contain similar places for the insertion of other orders. Similar spaces for other orders appear in Judicial Council Forms, forms DSL-290.1 and CR-292.

*People* v. *Neufer* (1994) 30 Cal.App.4th 244, 254 [35 Cal.Rptr.2d 386] [excessive day of presentence conduct credit]; *People* v. *Ngaue* (1992) 8 Cal.App.4th 896, 899, fn. 3 [10 Cal.Rptr.2d 521] [abstract corrected concerning enhancements].)

The abstract of judgment in a criminal case is a document described in section 1213 which states: "When a probationary order or a judgment, other than of death, has been pronounced, a copy of the entry of that portion of the probationary order ordering the defendant confined in a city or county jail as a condition of probation, or a copy of the entry of the judgment, or, if the judgment is for imprisonment in the state prison, either a copy of the minute order or an abstract of the judgment as provided in Section 1213.5, certified by the clerk of the court, or by the judge, if there is no clerk, and a Criminal Investigation and Identification (CII) number shall be forthwith furnished to the officer whose duty it is to execute the probationary order or judgment, and no other warrant or authority is necessary to justify or require its execution. [¶] If a copy of the minute order is used as the commitment document, the first page or pages shall be identical in form and content to that prescribed by the Judicial Council for an abstract of judgment, and such other matters as appropriate may be added thereafter." As noted previously, the actual form used as the abstract of judgment in this case was prepared by the Judicial Council as required by section 1213.5 which states, "The abstract of judgment provided for in Section 1213 shall be prescribed by the Judicial Council." ■ The delivery of the abstract of judgment or a certified copy of the minute order to the sheriff commences the execution of judgment. (*People* v. *Howard* (1997) 16 Cal.4th 1081, 1089 [68 Cal.Rptr.2d 870, 946 P.2d 828]; *People* v. *Karaman* (1992) 4 Cal.4th 335, 344-345 [14 Cal.Rptr.2d 801, 842 P.2d 100].) Abstracts of judgment in matters imposing imprisonment in state prison are orders sending the defendant to prison and imposing the duty upon the warden to carry out the judgment. (*In re Black* (1967) 66 Cal.2d 881, 889-890 [59 Cal.Rptr. 429, 428 P.2d 293]; *People* v. *Crockett* (1990) 222 Cal.App.3d 258, 266 [271 Cal.Rptr. 500].)

■ The question presented by the Attorney General's argument requires a determination as to whether a fine is part of a judgment. Beginning in 1851, fines have been recognized by the Legislature as an element of the judgment. The first comprehensive statutory framework adopted by the Legislature in terms of criminal procedure was enacted in 1851 with the adoption of "AN ACT to regulate Proceedings in Criminal Cases." (See Kleps, *The Revision and Codification of California Statutes 1849-1953* (1954) 42 Cal.L.Rev. 766, 767 & fn. 6; e.g., *People* v. *Chadd* (1981) 28 Cal.3d 739, 749 [170 Cal.Rptr. 798, 621 P.2d 837].) The 1851 statutory provisions

indicated that a judgment included a fine. Section 464 of the 1851 act referred to a judgment "for a fine alone." (Stats. 1851, ch. 464, § 464, p. 263.) Section 465 of the 1851 act stated: "If the judgment be imprisonment or a fine and imprisonment until it be satisfied, . . . ." (Stats. 1851, ch. 464, § 465, p. 263.) Sections 1215 and 1216, as initially adopted in 1872, likewise used the term "fine" in the context of being part of a judgment. (1 Pen. Code, §§ 1215-1216 (1st ed. 1872, Haymond, Burch & McKune, comrs.) p. 425.) The present version of the Penal and other codes utilize the term "fine" in the context of a judgment in a criminal case. (E.g., Code Civ. Proc, § 704.090, subd. (b) ["if the judgment is for a restitution fine or order imposed pursuant to subdivision (a) of Section 13967 of the Government Code, as operative on or before September 28, 1994, or Section 1203.04 of the Penal Code. as operative on or before August 2, 1995, or Section 1202.4 of the Penal Code . . . ."]; § 1165 ["[i]f such judgment is given, or a judgment imposing a fine only, without imprisonment for nonpayment is given. and the defendant is not detained for any other legal cause, he must be discharged, if in custody, as soon as the judgment is given"]; § 1205 ["judgment that the defendant pay a fine, with or without other punishment, may also direct that he or she be imprisoned until the fine is satisfied"]; § 1214, subd. (a) ["If the judgment is for a fine, including a restitution fine ordered pursuant to Section 1202.4 or Section 1203.04, as operative on or before August 2, 1995, or Section 13967 of the Government Code, as operative on or before September 28, 1994, with or without imprisonment, the judgment may be enforced in the manner provided for the enforcement of money judgments generally."]; § 1215 ["If the judgment is for imprisonment, or a fine and imprisonment until it be paid, the defendant must forthwith be committed to the custody of the proper officer and by him or her detained until the judgment is complied with."]; § 1272, subd. 1 ["when the appeal is from a judgment imposing a fine only"]; § 1273 ["the appeal is from a judgment imposing a fine only"]; § 1445 ["the court shall render judgment thereon of fine or imprisonment, or both, as the case may be"]; § 4017.5 ["under a judgment of imprisonment, or a fine and imprisonment until the fine is paid"]; § 4019 ["under a judgment of imprisonment, or a fine and imprisonment until the fine is paid in a criminal action"].) Further, California Supreme Court decisional authority recognizes that a fine is an element of the judgment. (*People* v. *Karaman*, supra, 4 Cal.4th at p. 344, fn. 9 ["A judgment in a criminal case may consist of a fine, a term of imprisonment, or both (§ 1445), and the judgment may be imposed or, in appropriate cases, suspended. (§ 1203.)"]; *People* v. *Overstreet* (1986) 42 Cal.3d 891, 898 [231 Cal.Rptr. 213, 726 P.2d 1288] [stay pending appeal permissible "where the judgment imposes a fine only"]; *In re De La O* (1963) 59 Cal.2d 128, 133-134 [28 Cal.Rptr. 489, 378 P.2d 793, 98 A.L.R.2d 705] ["No judgment imposing imprisonment, fine, or other penal

sanction has been entered . . . ."].) Secondary authority is in accord. (3 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) §§ 1320-1321, pp. 1540-1542; 22 Cal.Jur.3d pt. 1, Criminal Law, §§ 3313, 3503, pp. 94-95, 558.) Since the abstract must summarize the oral orders of the court, the Attorney General argues it must digest a relevant part of the judgment, the restitution fine.

California has adopted a comprehensive constitutional and legislative scheme for providing restitution for crime victims. Article I, section 28 of the California Constitution provides, "It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer." This right has been recognized statutorily as well. (§ 1202.4, subd. (a)(1).) In addition to direct restitution payments to the victim from the offender, the Legislature has over time, beginning first in 1965, developed a statutory scheme providing for indemnity for crime victims by the State Board of Control. (*People* v. *Broussard* (1993) 5 Cal.4th 1067, 1072-1073 [22 Cal.Rptr.2d 278, 856 P.2d 1134]; *People* v. *Young* (1995) 38 Cal.App.4th 560, 563-564 [45 Cal.Rptr.2d 177].) The statutory scheme providing for the operation of the Restitution Fund is extensive and wide-ranging.[5] That extensive statutory scheme includes the requirement that the Director of Corrections collect moneys

---

[5]The Restitution Fund is the subject of extensive statutory enactments. (Civ. Code, § 2225, subd. (b)(2) [Restitution Fund entitled to proceeds from trust created to recapture moneys from convicted felon]; Gov. Code, § 13959 et seq. [creating right to indemnification from Restitution Fund]; Gov. Code, § 50050 [unclaimed fund in the possession of a local agency which are moneys due to crime victims must be paid to the Restitution Fund]; § 116.5 [funds received by persons involved in jury tampering paid to the Restitution Fund]; § 132.5 [funds received by person involved in tampering with a witness to be forfeited to the Restitution Fund]; § 186.11 [allocates portions of fines to Restitution and State Insurance Funds]; § 294, subds. (a)-(b) [Restitution Fund fines in specified sex offense cases to be paid to local trust funds for child abuse prevention]; § 679.02, subd. (a)(8) [crime victim has a right to be informed of rights to indemnification from Restitution Fund]; § 1001.90 [diversion fee payable to Restitution Fund]; § 1191.2 [crime victim to be provided notice as to Restitution Fund rights by probation officer]; § 1202.4, subd. (b) [fine payable to Restitution Fund must be imposed unless the court "finds compelling and extraordinary reasons for not doing so, and states those reasons on the record"]; § 1202.8, subd. (b) [probation officer must open an account for victim indemnity moneys not payable to Restitution Fund]; § 1203, subd. (b)(1)(C)(ii) [probation report must identify whether the defendant should make a payment to the Restitution Fund or indemnify the victim]; § 1203.1, subd. (b) [court must consider whether a probation condition should include a payment to the Restitution Fund]; § 1203.1k [judge, not probation officer, determines amount payable to the Restitution Fund]; § 1297 [before refunding cash deposit in lieu of bail, court clerk must deduct sums due to Restitution Fund]; § 1462.5 [proration of fines may not occur until minimum payment to Restitution Fund]; § 1463.18. [disposition of moneys collected for Vehicle Code violations and required payment to Restitution Fund]; § 1464, subd. (f)(2) [timing of payments from State Penalty Fund to Restitution Fund]; § 2085.5 [Director of Corrections must pay a percentage of inmate wages to the Restitution Fund]; § 2813.5 [profits from sales of rebuilt automobiles by state

owed to the Restitution Fund from inmate earnings. Section 2085.5, subdivision (a) states in relevant part: "In any case in which a prisoner owes a restitution fine imposed pursuant to subdivision (a) of Section 13967 of the Government Code, as operative prior to September 28, 1994, or subdivision (b) of Section 1202.4, the Director of Corrections shall deduct a minimum of 20 percent or the balance owing on the fine amount, whichever is less, up to a maximum of 50 percent from the wages and trust account deposits of a prisoner, unless prohibited by federal law, and shall transfer that amount to the State Board of Control for deposit in the Restitution Fund in the State Treasury. Any amount so deducted shall be credited against the amount owing on the fine. The sentencing court shall be provided a record of the payments." Other provisions of section 2085.5 impose various duties on the Director of Corrections including: collection of moneys for direct victim restitution from inmate earnings (§ 2085.5, subd. (b)); collection of administrative fees from inmates and parolees for processing of recoupment of fines and direct restitution (§ 2085.5, subds. (c) & (f)); collection of moneys due for direct victim indemnification from parolees (§ 2085.5, subd. (e)); prioritizing the collection of direct indemnification and restitution fines (§ 2085.5, subds. (g) & (h)); and the requirement that restitution fines and direct victim indemnification take priority over portions of settlements of specified forms of civil litigation. (§ 2085.5, subd. (j); e.g., *People* v. *White* (1997) 55 Cal.App.4th 914, 915-916 [64 Cal.Rptr.2d 245] [direct victim restitution]; *People* v. *Gentry* (1994) 28 Cal.App.4th 1374, 1377-1378 [34 Cal.Rptr.2d 37] [restitution fine].) The Department of Corrections has adopted a regulation requiring deductions from prisoner wages to provide for direct victim indemnification and restitution fines. (Cal. Code Regs., tit. 15, § 3097.) Similar duties are imposed on the Director of the Youth Authority in connection with adults or minors committed to or ordered housed in the California Youth Authority. (Welf. & Inst. Code, § 1752.82.) Of course, if the abstract does not specify the amount of the restitution fine, then the Department of Corrections and the Youth Authority cannot fulfill their statutorily mandated responsibilities to collect sums due to the Restitution Fund.

---

prisoners payable to Restitution Fund]; § 11230 [red light abatement fines payable to Restitution Fund]; § 14033 [Governor's proposed budget shall specify anticipated Restitution Fund shortfall]; Rev. & Tax. Code, § 19280, subd. (a)(2)(B)(iv) [local entity may refer unpaid fines to Franchise Tax Board so long as there is compliance with the laws relating to reimbursement of the Restitution Fund]; Rev. & Tax. Code, § 19282, subd. (e) [Court Collection Account must be operated consistently with reimbursement duties owed to Restitution Fund]; Welf. & Inst. Code, § 656.2 [when crime is perpetrated by a minor, the probation officer must advise the victim of rights to benefits from Restitution Fund]; Welf. & Inst. Code, § 730.6, subd. (c) [minors subject to fines payable to Restitution Fund]; Welf. & Inst. Code, § 1752.81, subd. (b) [Director of Youth Authority must deduct specified portion of moneys in a ward's trust account to reimburse Restitution Fund]; Welf. & Inst. Code, § 1752.82, subds. (a), (c) & (e) [Youth Authority to deduct wards' wages and make specified payments to the Restitution Fund].)

Further, one of the enforcement mechanisms mandated by the Legislature is found in Government Code section 13967.5, subdivision (a) which states: "The restitution fine imposed pursuant to subdivision (a) of Section 13967, as operative on or before September 28, 1994, subparagraph (B) of paragraph (2) of subdivision (a) of Section 1203.04, as operative on or before August 2, 1995, of the Penal Code, or Section 1202.4 of the Penal Code shall be payable to the clerk of the court, the probation officer, or any other person responsible for the collection of criminal fines. If the defendant is unable or otherwise fails to pay that fine in a felony case and there is an amount unpaid of one thousand dollars ($1,000) or more within 60 days after the imposition of sentence, or in a case in which probation is granted, within the period of probation, the clerk of the court, probation officer, or other person to whom the fine is to be paid *shall forward to the Controller the abstract of judgment along with any information which may be relevant to the present and future location of the defendant and his or her assets*, if any, and any verifiable amount which the defendant may have paid to the victim as a result of the crime." (Italics added.) As the italicized language indicates, the Legislature certainly intended that the abstract contain the amount of the restitution fine so that the Controller would be able to determine the amount of the debt owed to the state.

Based on the foregoing, we reach the following conclusions. A judgment includes a fine. A restitution fine is a fine. The Legislature intended that the abstract of judgment summarize the judgment. Hence, the abstract of judgment should identify the amount of the restitution fine. This would be consistent with the unmistakable legislative intention that the Department of Corrections be apprised of the amount of the restitution fine so that it can fulfill its obligations to secure payment from inmates and parolees. Accordingly, we conclude the Attorney General is entitled to seek on appeal to have the abstract of judgment corrected to reflect the judgment of the trial court which includes the restitution fine.

The only sound argument which runs counter to the foregoing conclusion is as follows. It can be argued that section 1213.5 does not require restitution or other fines be entered upon the face of the abstract. Section 1213.5 was initially adopted in 1951 and neither the statutory language nor the recommended form made any reference to any fine. (Stats. 1951, ch. 460, § 4, pp. 1489-1491.)[6] In 1971 and 1972 additional amendments to section 1213.5 were adopted. None of those changes suggested the form for the abstract of

---

[6]The 1951 version of section 1213.5 provided in pertinent part: "(a) The abstract of judgment provided in Section 1213 shall contain: [¶] (1) A designation of the crime or crimes and the degree thereof, if any, of which defendant has been convicted. [¶] (2) The sections

judgment refer to any fines. (Stats. 1971, ch. 1732, § 1, pp. 3684-3685; Stats. 1972, ch. 1131, §§ 3-3.5, pp. 2178-2184.) The 1972 legislation added a

---

of the Penal Code or other provisions of law of which the designated crimes constitute violations. [¶] (3) A statement of prior convictions which affect the sentence of the defendant. [¶] (4) A statement as to whether or not the defendant was armed with a deadly weapon or a concealed deadly weapon when that fact will affect his sentence. [¶] (5) When the circumstances of the conviction are such as to constitute defendant an habitual criminal under subdivision (a) or (b) of Section 644 of the Penal Code, a statement as to whether or not the judge finds defendant is an habitual criminal. [¶] (6) A statement as to how the sentence imposed on each count of which defendant was convicted shall be served with respect to the other counts, if any, of which he was convicted and with respect to any prior uncompleted sentence. [¶] (7) A copy of the order remanding defendant to the custody of the sheriff for delivery to a state prison. [¶] (b) The form of the abstract of judgment shall be substantially as follows:

Case Nos.: _____

In the Superior Court of the State of California

In and for the _____ County of _____.

Abstract of Judgment

(Commitment to State Prison)

The People of the
State of California
v.

Present:

Hon. _____
Judge of the Superior Court

_____
Prosecuting Attorney

_____
Counsel for Defendant

This certifies that on _____ judgment of conviction of the above-named defendant was entered as follows:

(1) Case No. _____ Count No. _____

On his plea of _____

(guilty, not guilty, former conviction or acquittal, once in jeopardy, not guilty by reason of insanity)

he was convicted by _____ of

(the court or jury)

_____ in violation of

(designation of crime and degree if any, including fact that it constitutes a second or subsequent, if that affects the sentence)

---

(reference to code or statute, including section and subsection thereof, if any violated)

with prior felony convictions as follows:

| Date | County and state | Crime | Disposition |
|------|------------------|-------|-------------|

subdivision (c) to section 1213.5 which stated, "An abstract of judgment in a form approved by the Judicial Council shall be deemed to comply with this section." (Stats. 1972, ch. 1131, §§ 3-3.5, pp. 2181, 2184.) In 1977, in connection with the extensive legislative modifications to the determinate sentencing law commonly referred to as the "Boatwright Amendments" (*People* v. *Tanner* (1979) 24 Cal.3d 514, 526 [156 Cal.Rptr. 450, 596 P.2d 328] (conc. and dis. opn. of Tobriner, J.); *People* v. *Bruno* (1987) 191 Cal.App.3d 1102, 1107 [237 Cal.Rptr. 31]), section 1213.5 was adopted in its present form to read, "The abstract of judgment provided for in Section 1213 shall be prescribed by the Judicial Council." (Stats. 1977, ch. 165, § 22.2, p. 657.) It can be asserted that the absence of any reference in section 1213.5 or in any of its permutations to fines is indicative of a legislative intent of some consequence. Further, section 1213.5, it can be suggested, leaves the entire matter as to what is to appear on the abstract of judgment to the Judicial Council.

However, all statutes must be read and applied in the context of the overall statutory scheme of which they are part. (*Lakin* v. *Watkins Associated Industries* (1993) 6 Cal.4th 644, 658 [25 Cal.Rptr.2d 109, 863 P.2d 179]; *Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755

---

Defendant _____ armed with a deadly
 (was or was not)
weapon at the time of his commission of the offense or a concealed deadly weapon at the time of his arrest within the meaning of Penal Code Section 3024.

---

(Repeat foregoing with respect to each count of which defendant was convicted.)

(2) Defendant _____ adjudged an habitual
 (was or was not)
criminal within the meaning of Subdivision _____ of
 (a) or (b)
Section 644 of the Penal Code and the defendant _____
 (is or is not)
an habitual criminal in accordance with the provisions of Subdivision (c) of that section.

(3) It is therefore ordered, adjudged and decreed that the said defendant be punished by imprisonment in the state prison of the State of California for the term provided by law, and that he be remanded to the Sheriff of the County of _____, and by him delivered to the Director of Corrections of the state of California at _____.

It is ordered that sentences shall be served in respect to one another as follows (CC or CS):

(4) To the Sheriff of the County of _____ and to the Director of Corrections at the .
Pursuant to the aforesaid judgment, this is to command you, the said Sheriff, to deliver the above named Defendant into the custody of the Director of Corrections at the _____ at your earliest convenience."

There were additional portions of the suggested form for the abstract for certification of the judgment and the copy of the original document.

P.2d 299].) Section 1213 requires that a certified copy of the judgment or the abstract be provided if the defendant is to be imprisoned, as occurred here. As previously discussed, the abstract must summarize the judgment that was imposed. (*People* v. *Mesa*, *supra*, 14 Cal.3d at pp. 471-472; *People* v. *Hartsell* (1973) 34 Cal.App.3d 8, 14 [109 Cal.Rptr. 627].) Part of the judgment is any fine that is imposed. (*People* v. *Karaman*, *supra*, 4 Cal.4th at p. 344, fn. 9; *People* v. *Overstreet*, *supra*, 42 Cal.3d at p. 898.) Further, the Department of Corrections is granted the authority to deduct moneys from inmate wages to insure payment of restitution fines by inmates. (§ 2085.5, subd. (a).) Moreover, in Government Code section 13967.5, subdivision (a), the Legislature requires that the abstract be served on the Controller so that efforts can be made to ensure payment of the restitution fine. Also, section 1213.5 only requires the Judicial Council to prescribe the form for the abstract. Section 1213.5 does not empower the Judicial Council to determine what a county clerk must set forth on the abstract of judgment. Government Code section 13967.5, subdivision (a) requires that the abstract be served on the Controller for purposes of ensuring payment of the restitution fine. Therefore, we conclude that the grant of power to the Judicial Council to prescribe the form of the abstract does not excuse a county clerk from recording the restitution fine on the document. In the present case, the abstract of judgment must be modified to reflect the restitution fine so that the Department of Corrections may fulfill its responsibilities and the constitutionally and legislatively declared public policy of providing for indemnification of crime victims may be furthered.

■ The more difficult issue is whether the section 290.2 deoxyribonucleic acid (DNA) and other genetic typing analysis requirement must be set forth on the abstract of judgment. Unlike a fine, such a testing requirement need not be imposed by a court. Section 290.2, subdivisions (a) and (b), requires the Department of Corrections to conduct the testing regardless of any court order.[7] Once a prisoner has been convicted of an enumerated offense, the testing requirement is automatic. On the other hand, it is

---

[7]We have reviewed a substantial number of legislative committee reports prepared in connection with the section 290.2 deoxyribonucleic acid and other genetic typing analysis requirement: None of those committee reports reflect a legislative intention that the requirement that deoxyribonucleic acid and other genetic typing analysis be conducted was conditioned upon a specific judicial order. Rather, the Legislature intended that when the prisoner was convicted of an enumerated offense, it was mandatory that deoxyribonucleic acid and other genetic typing analysis be conducted. (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 201 (1993-1994 Reg. Sess.) Mar. 2, 1993, pp. 1-2; Sen. Com. on Judiciary, Analysis of Assem. Bill No. 201 (1993-1994 Reg. Sess.) as amended Mar. 15, 1993, pp. 1-2; Sen. Rules Com. Office of Sen. Floor Analysis, Analysis of Assem. Bill No. 201 (1993-1994 Reg. Sess.) Aug. 17, 1993, pp. 1-2; Off. of Sen. Floor Analysis, Analysis of Assem. Bill No. 201 (1993-1994 Reg. Sess.) Aug. 26, 1993, pp. 1-2; Assem. Com. on Public Safety, Analysis of Assem. Bill No. 2127 (1995-1996 Reg. Sess.) Apr. 23, 1996, p. 2-4; Assem. Com.

common for trial judges to orally articulate the testing requirement. (E.g. *People v. Sanchez* (1997) 52 Cal.App.4th 997, 1002-1003 [60 Cal.Rptr.2d 880].) Moreover, the Judicial Council has statutorily been granted the responsibility for developing the form for the abstract of judgment. (§ 1213.5.) The Judicial Council has placed a space on the form for "OTHER ORDERS" and the testing order was orally imposed by the trial judge. Since the trial court orally directed that the testing occur and it is mandatory that it take place, we conclude that this aspect of the oral pronouncement of sentence must be reflected on the abstract of judgment.

■ Finally, the Attorney General argues that the trial court had a jurisdictional responsibility to impose an additional fine pursuant to section 1202.45 which states, "In every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional restitution fine shall be suspended unless the person's parole is revoked." The failure to impose the mandatory fine in this case was a jurisdictional error which can be raised for the first time on appeal by the Attorney General. (*People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040]; *People v. Welch* (1993) 5 Cal.4th 228, 235 [19 Cal.Rptr.2d 520, 851 P.2d 802]; *People v. Karaman,, supra,* 4 Cal.4th at pp. 345-346, fn. 11, 349, fn. 15; *In re Ricky H.* (1981) 30 Cal.3d 176, 190-193 [178 Cal.Rptr. 324, 636 P.2d 13]; *People v. Davis* (1981) 29 Cal.3d 814, 827 & fn. 5 [176 Cal.Rptr. 521, 633 P.2d 186]; *People v. Serrato* (1973) 9 Cal.3d 753, 763-765 [109 Cal.Rptr. 65, 512 P.2d 289] overruled on another point in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1 [189 Cal.Rptr. 855, 659 P.2d 1144]; *In re Sandel* (1966) 64 Cal.2d 412, 414-418 [50 Cal.Rptr. 462, 412 P.2d 806].) Hence, the judgment must be modified to impose an additional $200 fine pursuant to section 1202.45. The abstract of judgment must also reflect this assessment for the reasons discussed as to the section 1202.4, subdivision (b), restitution fine.

The judgment is modified to reflect defendant has been fined in the sum of $200 pursuant to Penal Code section 1202.45. The clerk of the superior court is ordered upon issuance of the remittitur to prepare a corrected abstract of

on Appropriations, Analysis of Assem. Bill No. 2127 (1995-1996 Reg. Sess.) pp. 1-4; Sen. Com. on Criminal Procedure, Analysis of Assem. Bill No. 2127 (1995-1996 Reg. Sess.) June 11, 1995, pp. 3-4; Assem. Concurrence in Sen. Amends., Analysis of Assem. Bill No. 2127 (1995-1996 Reg. Sess.) as amended Aug. 20, 1996, pp. 1-3.)

judgment as set forth in this opinion and forward it to the Department of Corrections. In all other respects, the judgment is affirmed.

Grignon, J., and Godoy Perez, J., concurred.

APPENDIX

r00134

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT

FORM DSL 290

SUPERIOR COURT OF CALIFORNIA, COUNTY OF __LOS ANGELES__
BRANCH __CENTRAL CRIMINAL__

COURT I D
|1,9,0,0,0,1|

**PEOPLE OF THE STATE OF CALIFORNIA** versus
**DEFENDANT:** HONG, JAMES
AKA:

CASE NUMBER (S)
BA135473

[X] PRESENT — A
[ ] NOT PRESENT — B
— C

**FILED**
JUN 1 3 1997
JOHN A. CLARKE
*Suchul*
BY S. TRADE, DEPUTY

**COMMITMENT TO STATE PRISON**
**ABSTRACT OF JUDGMENT**

AMENDED
ABSTRACT [ ]

— D
— E

| DATE OF HEARING (MO) (DAY) (YR) 06/02/97 | DEPT NO 125 | JUDGE R P O'NEILL | CLERK M. LARA |
|---|---|---|---|

| REPORTER E SANZO | COUNSEL FOR PEOPLE K CADY | COUNSEL FOR DEFENDANT F WARNER | PROBATION NO OR PROBATION OFFICER X1633570 |
|---|---|---|---|

**1** DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS)

SENTENCE RELATION

[ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT ____ (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME CONVICTED | MO | DAY | YEAR | CONVICTED BY | | | | | | | | | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 664/187(A) | ATTEMPTED MURDER | 96 | 04 | 25 | 97 | | X | L | | | | | | | 5 |
| 2 | PC | 245(A)(1) | ASSAULT DEADLY WEAPON | 96 | 04 | 25 | 97 | | X | M | | | | | X | | |
| 3 | PC | 273.5(A) | INFLICT CORP INJ ON SPOUSE | 96 | 04 | 25 | 97 | | X | M | | | | | X | | |
| 4 | PC | 422 | TERROR THREAT | 96 | 04 | 25 | 97 | | X | M | | | | | | | |
| 6 | PC | 273.5(A) | INFLICT CORP INJ ON SPOUSE | 96 | 04 | 25 | 97 | | X | M | X | | | | | | (3) |

**2** ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS INJURY LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC
For each count list enhancements horizontally. Enter time imposed for each en "S" for stayed or stricken DO NOT LIST enhancements charged but not found true or stricken under § 1385
Add up time for enhancements on each line and enter line total in right-hand column

| Count | Enhancement | Yrs or S° | Enhancement | Yrs or S° | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 12022.7(b) PC | 3 | | | | | | | | | 3 |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

**3** ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER.
List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

**4** INCOMPLETED SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| | | |
| | | |

**5** OTHER ORDERS

Use additional sheets of plain paper if necessary

**6** TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A)
**7** TIME STAYED TO COMPLY WITH 5-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS, DOUBLE-BASED-TERM LIMIT, ETC (Do not include § 654 stays or discretionary stays of term for enhancements.)
**8** TOTAL TERM IMPOSED: — 8
**9** EXECUTION OF SENTENCE IMPOSED

A. [X] AT INITIAL SENTENCING HEARING
B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL
C. [ ] AFTER REVOCATION OF PROBATION
D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))
E. [ ] OTHER ____

**10** DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 06/02/97

| CREDIT FOR TIME SPENT IN CUSTODY 347 INCLUDING | ACTUAL LOCAL TIME 302 | LOCAL CONDUCT CREDITS 45 | STATE INSTITUTIONS [ ] DMH | [ ] CDC |
|---|---|---|---|---|

**11.** DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED

[X] FORTHWITH
[ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT

[ ] CALIF. INSTITUTION FOR WOMEN – FRONTERA
[ ] CALIF MEDICAL FACILITY – VACAVILLE
[ ] SAN QUENTIN
[ ] OTHER (SPECIFY) ____
[X] CALIF INSTITUTION FOR MEN – CHINO
[ ] DEUEL VOC INST

## CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action

| DEPUTY'S SIGNATURE | DATE 06/13/97 |
|---|---|

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted by the Judicial Council of California Effective April 1, 1990

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT**
FORM DSL 290

Pen.C 1213.5

DISTRIBUTION PINK COPY – COURT FILE YELLOW COPY – DEPARTMENT OF CORRECTIONS WHITE COPY – ADMINISTRATIVE OFFICE OF THE COURTS