Filed 1/9/14  In re Martinez CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re JAVIER MARTINEZ,<br><br>on Habeas Corpus. | B247697<br><br>(Los Angeles County<br>Super. Ct. No. KA078629) |

ORIGINAL PROCEEDING.  Petition for Writ of Habeas Corpus, Steven P. Sanora, Judge.  Granted.

California Appellate Project, Jonathan B. Steiner and Richard B. Lennon for Petitioner.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey, Margaret E. Maxwell and Yun K. Lee, Deputy Attorneys General, for Respondent.

Defendant, Jaiver Martinez, has filed a habeas corpus petition seeking to set aside a post-judgment order imposing restitution and parole restitution fines and their inclusion on the abstract of judgment.  (Pen. Code, §§ 1202.4, subd. (b)(1), 1202.45.[1])  When originally sentenced, the trial court never orally imposed these fines.  However, the abstract of judgment incorrectly stated they were imposed.  When the matter was brought to the trial court's attention after the judgment was final, it issued a nunc pro tunc order imposing the restitution and parole restitution fines.

We agree with defendant that the failure to orally pronounce the restitution fine prevents it from being imposed later on a nunc pro tunc basis after the judgment was final.  Although mandatory, imposition of a restitution fine is a discretionary sentencing choice.  (*People v. Tillman* (2000) 22 Cal.4th 300, 303; see *In re Sheena K.* (2007) 40 Cal.4th 875, 882, fn. 3; *People v. Smith* (2001) 24 Cal.4th 849, 852-853.)  This is because although the trial court was required to impose the restitution fine, it had discretion not to do so if compelling and extraordinary reasons were present.  (§ 1202.4, subd. (b)(1); *People v. Tillman*, *supra*, 22 Cal.4th at p. 303; see *People v. Walz* (2008) 160 Cal.App.4th 1364, 1369 [failure to impose § 290.3, subd. (a) sex offense fine is not a jurisdictional error because of ability to pay provision].)  In our case the trial court's failure to impose the section 1202.4, subdivision (b)(1) restitution fine is presumed to be the result of an implied finding that compelling and extraordinary reasons existed.  (*People v. Dickerson* (2004) 122 Cal.App.4th 1374, 1379, fn. 5.)  The prosecutor's failure to object to the trial court's failure to have imposed the restitution fine forfeits the issue.  (*People v. Smith*, *supra*, 24 Cal.4th at p. 853; *People v. Moreno* (2003) 108 Cal.App.4th 1, 8.)  The failure to impose the section 1202.4, subdivision (b)(1) restitution fine was not a jurisdictional error because the trial court had the power to not impose it.  (*People v. Walz*, *supra*, 160 Cal.App.4th at p. 1371 [sex offender fine]; *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1516-1519 [drug program fee].)

---

[1]  All future statutory references are to the Penal Code unless otherwise indicated.

Because the trial court never orally imposed the section 1202.4, subdivision (b)(1) restitution fine, it was clerical error for it to appear on the abstract of judgment. The abstract of judgment must correctly summarize the trial court's oral pronouncement of sentence. (*People v. Mesa* (1975) 14 Cal.3d 466, 471; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) Our Supreme Court distinguished between clerical and judicial error as follows: "Clerical error, however, is to be distinguished from judicial error which cannot be corrected by amendment. The distinction between clerical error and judicial error is 'whether the error was made in rendering the judgment, or in recording the judgment rendered.' (46 Am.Jur.2d, Judgments, § 202.) Any attempt by a court, under the guise of correcting clerical error, to 'revise its deliberately exercised judicial discretion' is not permitted. (*In re Wimbs* (1966) 65 Cal.2d 490, 498.) [¶] An amendment that substantially modifies the original judgment or materially alters the rights of the parties, may not be made by the court under its authority to correct clerical error, therefore, unless the record clearly demonstrates that the error was not the result of the exercise of judicial discretion." (*In re Candelario* (1970) 3 Cal.3d 702, 705; see *People v. Nesbitt* (2010) 191 Cal.App.4th 227, 233.) Thus, the abstract of judgment failed to accurately reflect the oral pronouncement of judgment. The inclusion of the section 1202.4, subdivision (b)(1) fine on the abstract of judgment was clerical error.

Here, the trial court with commendable integrity and desire to carry out its statutory obligations, recognized that it should have imposed the section 1202.4, subdivision (b)(1) restitution fine. In terms of the section 1202.4, subdivision (b)(1) restitution fine, the trial court could reasonably find there were no compelling and extraordinary reasons for not imposing it. However, if such were the case, the failure to have orally pronounced the restitution fine was *judicial* error. As noted, it was not *jurisdictional* error. Thus, the trial court did not have the authority in the case where the judgment is final, to correct its prior mistake nunc pro tunc. Our Supreme Court has described a trial court's limited power to enter a nunc pro tunc order: "A court can always correct a clerical, as distinguished from a judicial error which appears on the face of a decree by a *nunc pro tunc* order. [Citations.] It cannot, however, change an order

3

which has become final even though made in error, if in fact the order made was that intended to be made.  In *Smith v. Smith* [(1952)] 115 Cal.App.2d 92, the rule is expressed in the following language at page 99:  'The function of a *nunc pro tunc* order is merely to correct the record of the judgment and not to alter the judgment actually rendered--not to make an order now for then, but to enter now for then an order previously made.'" (*Estate of Eckstrom* (1960) 54 Cal.2d 540, 544; see *People v. Wilson* (1936) 15 Cal.App.2d 172, 175 ["The law appears to be that corrections may be made *nunc pro tunc*, but the record itself must show the error, or at least must show some basis for the correction, and in the exercise of its power to make such corrections, the court is not authorized to do more than to make its records correspond with the actual facts, and cannot, under the form of an amendment, correct a judicial error, or make of record an order or judgment that was never in fact made."].)  In the present case, the trial court did not have the authority to utilize its nunc pro tunc powers to correct its failure to have imposed the restitution fine.

For these reasons, the abstract of judgment cannot include the section 1202.4, subdivision (b)(1) fine.  Because no section 1202.4, subdivision (b)(1) restitution fine may be imposed, neither may a section 1202.45 parole restitution fine be imposed. (*People v. Tillman*, *supra*, 22 Cal.4th at p. 303; see *People v. Smith*, *supra*, 24 Cal.4th at pp. 853-854; *People v. Hong* (1998) 64 Cal.App.4th  1071, 1084.)  Once the remittitur issues, the clerk must delete these two fines from the abstract of judgment.

The habeas corpus petition is granted.  Upon remittitur issuance, the clerk is to delete the restitution and parole restitution fines from the abstract of judgment.  The

4

superior court clerk is to then serve a copy of the corrected abstract of judgment on the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


KRIEGLER, J.


MINK, J. [*]

---

[*]     Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.