Filed 11/8/23  P. v. Un CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TOEUR UN,<br><br>Defendant and Appellant. | C097474<br><br>(Super. Ct. Nos. STK-CR-FE-2020-5121 & STK-CR-FE-2021-12827)<br><br>ORDER MODIFYING OPINION<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on November 6, 2023, be modified as follows:

On page 2, the last sentence before the heading "Factual and Procedural Background" is deleted and the following is inserted in its place:

We disagree and affirm.

There is no change in the judgment.


FOR THE COURT:


 /s/
EARL, P. J.


 /s/
HULL, J.


 /s/
MESIWALA, J.

Filed 11/6/23 P. v. Un CA3 (unmodified opinion)

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TOEUR UN,<br><br>Defendant and Appellant. | C097474<br><br>(Super. Ct. Nos. STK-CR-FE-2020-5121 & STK-CR-FE-2021-12827) |

Following the denial of his suppression motion, defendant Toeur Un was found guilty by a jury of possession of a firearm by a felon and possession of ammunition by a felon. The trial court sentenced defendant to the upper term of three years in state prison for firearm possession and imposed and stayed a three-year term for ammunition possession.

On appeal, defendant raises the following three contentions: (1) the motion to suppress should have been granted; (2) the trial court improperly failed to impose the lower term where defendant experienced trauma that was a contributing factor to the

1

crimes; and (3) the abstract of judgment must be corrected. We agree only with the third contention and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The sole witness who testified at the suppression hearing was Deputy Sheriff Anthony Ancrile. Deputy Ancrile testified that just before midnight on December 1, 2021, he was patrolling the west side of Stockton. Ancrile saw defendant riding a skateboard in the middle of the street. Defendant rode up to the sidewalk and began walking eastbound.)

Deputy Ancrile pulled his patrol car over to the right shoulder. He positioned his car with its front close to the curb. The car's red and blue emergency lights were not on. Ancrile did not use the siren.

The street had streetlights but was not well lit. Deputy Ancrile shined the patrol car's spotlight in the direction his headlights were facing. He did this for safety reasons: the area was dark; many cars were parked there; and he was not sure what else was happening on the side of the road. Ancrile did not put the spotlight on defendant.

Defendant walked up to the patrol car. Deputy Ancrile and his partner Deputy Ryan Cortez got out and asked defendant if they could speak to him. Defendant stopped to talk to the deputies. The deputies did not block defendant's way.

Deputy Ancrile spoke to defendant in a casual manner. Ancrile asked, "For my safety and yours, do you mind if I search you for any weapons?" Defendant said he had a BB gun in his back right pants pocket. Ancrile asked if he could retrieve it and defendant said yes.

Deputy Ancrile asked defendant his name and if he was on probation or parole. Defendant took out his identification. He said he was on probation.

Deputy Ancrile testified that before defendant said he was on probation; defendant could have left if he wanted to. Once defendant said he was on probation, Ancrile intended to hold him.

2

After defendant said he was on probation, Ancrile asked if he could search him. Defendant agreed. During the search, defendant said that he had a firearm on his right side. Ancrile removed a loaded nine-millimeter handgun from defendant's right jacket pocket.

The officers put defendant in the back of their patrol car. The records division confirmed that defendant was on probation for possession of a firearm by a felon with conditions allowing for him to be searched and prohibiting possession of firearms and ammunition.

Deputies Ancrile and Cortez were the only witnesses at trial. Their testimony regarding the search was consistent with Ancrile's testimony at the suppression hearing. And as noted, the jury found defendant guilty of possession of a firearm by a felon and possession of ammunition by a felon.

After the jury was excused, the prosecutor confirmed his intention to establish aggravating circumstances in sentencing solely based on records of defendant's prior felony convictions. Four exhibits consisting of certified records of conviction were admitted. The court reviewed the records and determined beyond a reasonable doubt that defendant had been convicted of these felonies.

The People filed a sentencing brief requesting the upper term of three years, based on defendant's prior convictions proved beyond a reasonable doubt and found true by the court.

Defense counsel filed a sentencing brief arguing that defendant should receive the middle term of two years. Counsel cited three mitigating circumstances under California Rules of Court, rule 4.423 (further rule references are to the California Rules of Court): defendant never harmed or threatened anyone (rule 4.423(a)(6)); carrying a weapon in a high-crime area was partially excusable (rule 4.423(a)(4)); and defendant was suffering from a mental condition that reduced his culpability and the current offense was connected to his mental illness (rule 4.423(b)(2), (4)).

3

At the sentencing hearing, the prosecutor argued that, as aggravating factors, defendant had multiple prior convictions and prison terms, including three convictions for the same offense as his current conviction for possession of a firearm by a felon.  (Pen. Code, § 29800, subd. (a); further undesignated statutory references are to the Penal Code.)

Defense counsel maintained the middle term was the presumptive term based on the mitigating circumstances briefed, including that defendant was diagnosed with schizophrenia in section 1368 competency proceedings.

The court concluded that there was evidence that defendant had a mental disease. As to the significance of that evidence, the trial court noted that section 1170, subdivision (b)(6) provides that the lower term is required if a person has experienced psychological, physical, or childhood trauma.  The trial court also noted that defendant's youth was a basis for the lower term.

Defense counsel stated that he briefed defendant's mental illness as a mitigating factor under rule 4.423 in favor of the middle term.

In imposing sentence, the court observed that the aggravating factors were the prior convictions that had been found true, including a 2021 conviction for the same firearm possession offense defendant committed in this case.  As for defendant's schizophrenia diagnosis, the trial court found it was not a significant factor in defendant's commission of the current crimes.  The trial court found that aggravating factors outweighed mitigating factors and imposed the upper terms.

Defendant timely appeals.

DISCUSSION

I

*Suppression Motion*

Defendant contends the facts at the suppression hearing showed that he was not free to leave, and the encounter was not consensual.  Defendant maintains that Deputy

4

Ancrile intended to detain him immediately.  Defendant concedes that the spotlight used did not constitute a detention but argues it was a factor that combined with Ancrile's questioning, indicated an intent to detain.

We conclude the search was consensual.

*A. Legal Principles*

" 'An officer may approach a person in a public place and ask if the person is willing to answer questions.  If the person voluntarily answers, those responses, and the officer's observations, are admissible in a criminal prosecution.  [Citations.]  Such consensual encounters present no constitutional concerns and do not require justification.  [Citation.]  However, "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen," the officer effects a seizure of that person, which must be justified under the Fourth Amendment to the United States Constitution.  [Citations.]  In situations involving a show of authority, a person is seized "if 'in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave,' " or " 'otherwise terminate the encounter' " [citation], and if the person actually submits to the show of authority.' " (*People v. Tacardon* (2022) 14 Cal.5th 235, 241 (*Tacardon*), quoting *People v. Brown* (2015) 61 Cal.4th 968, 974.)

The court "consider[s] the totality of the circumstances in determining whether a detention occurred.  [Citations.]  Relevant circumstances may include:  the presence of multiple officers, an officer's display of a weapon, the use of siren or overhead emergency lights, physically touching the person, the use of a patrol car to block movement, or the use of language or of a tone of voice indicating that compliance with the officer's request is compelled." (*Tacardon*, *supra*, 14 Cal.5th at pp. 241-242.)

*B. Analysis*

Almost none of the circumstances relevant to detention in *Tacardon* were present here.  While there were two deputies present, they did not activate their emergency lights

or siren, display weapons, block defendant's movement, or use a commanding tone of voice. Deputy Ancrile used the spotlight only because the street was dark, and he did not shine the spotlight on defendant. An officer's use of a spotlight, standing alone, is not enough to effect a detention. (*Tacardon*, *supra*, 14 Cal.5th at p. 247.)

Defendant's assertion that he was unlawfully detained essentially boils down to whether Deputy Ancrile's asking defendant for permission to search him for weapons constituted a detention. It did not.

"Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen. [Citations.] Even when law enforcement officers have no basis for suspecting a particular individual, they may pose questions, ask for identification, and request consent to search luggage—provided they do not induce cooperation by coercive means." (*United States v. Drayton* (2002) 536 U.S. 194, 200-201.)

Deputy Ancrile did not use any coercive means when he asked defendant for consent to search him for weapons. Merely making such a request does not constitute a detention. (*United States v. Drayton, supra,* 536 U.S. at pp. 200-201.)

Defendant argues this case is comparable to *People v. Garry* (2007) 156 Cal.App.4th 1100 (*Garry*) and *People v. Kasrawi* (2021) 65 Cal.App.5th 751 (*Kasrawi*), where courts found the defendant was unlawfully detained.

In *Garry*, a detention was found after the officer "bathed defendant in light, exited his police vehicle, and, armed and in uniform, 'briskly' walked 35 feet in 'two and a half, three seconds' directly to him while questioning him . . . about his probation and parole status," disregarding in the process the defendant's explanation that he was merely standing in front of his house. (*Garry*, *supra*, 156 Cal.App.4th at p. 1111.)

In *Kasrawi*, a detention was found when the officer "flooded him with his spotlight, parked his marked police vehicle close to [the defendant's] car, and

6

immediately approached him while asking a pointed question." (*Kasrawi*, *supra*, 65 Cal.App.5th at p. 760.)

This case is unlike *Garry* and *Kasrawi*. Deputy Ancrile did not walk rapidly up to defendant; defendant approached the patrol car. Ancrile did ask if he could search defendant for safety reasons, but his tone was conversational. Ancrile did not accuse defendant of anything, and his manner did not suggest he suspected defendant of anything.

We conclude the trial court did not err in denying defendant's suppression motion.

II

*Penal Code Section 1170*

Defendant argues that, given his mental illness diagnosed in section 1368 proceedings, this case should be remanded for resentencing in compliance with section 1170, subdivision (b)(6).[1] Section 1170, subdivision (b)(6)(A) requires the trial court to impose the lower term if the defendant experienced psychological, physical, or mental trauma that contributed to the commission of the offense, unless the court finds that the lower term would be contrary to the interests of justice because aggravating factors outweigh mitigating factors. The People contend that defendant forfeited this challenge. We agree.

Defendant claims his counsel requested a lower term sentence because of his history of mental illness documented in section 1368 proceedings. We have reviewed the pages of the reporter's transcript defendant cites, and nowhere does defense counsel mention the lower term. Defendant's sentencing brief also does not mention the lower

---

[1] Section 1170, subdivision (b)(6) was included in a number of amendments to section 1170 enacted by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3). These amendments went into effect on January 1, 2022. Defendant was sentenced on November 28, 2022. Section 1170 was further amended by Assembly Bill No. 960 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 744, § 1) effective January 1, 2023, which made no changes to the text of section 1170, subdivision (b)(6).

term, but rather requests the middle term.)  In the brief, defense counsel referred to the report of a doctor who examined defendant and concluded that defendant suffered from schizophrenia.  Counsel argued that rule 4.423(b)(2) states as a mitigating circumstance that defendant was suffering from a mental condition that lessened culpability, and, more specifically, rule 4.423(b)(4) identified as a mitigating circumstance that commission of the current offense is connected to mental illness that includes schizophrenia.  (§ 1385, subd. (c)(5).)

At the sentencing hearing, defense counsel reiterated that defendant was diagnosed with schizophrenia "and the legislature has specifically directed the Court to mitigate cases – to use that as a factor in mitigation beyond just the rules of court, which also instructs the Court to do that from the supreme court."  This did not put the trial court on notice that defendant sought a lower term sentence under section 1170, subdivision (b)(6).

In fact, only the trial court mentioned section 1170, subdivision (b)(6) at the sentencing hearing, observing that this provision "says that low term is required if the person has experienced psychological, physical or childhood trauma, including but not limited to abuse, neglect, exploitation or sexual violence."  However, defense counsel responded he had briefed that "Rule of Court 4.423 subdivision B, subdivision 4, that points to [section] 1385[, subdivision] (c)(5) as allowable diagnoses."  Thus, defense counsel steered the trial court away from considering that provision as a basis for imposition of a lower term.

Further, counsel never asserted that defendant suffered psychological trauma due to mental illness or that psychological trauma contributed to the offense.  (See *People v. Banner* (2022) 77 Cal.App.5th 226, 241 ["Psychological trauma must attend the illness, and *that* trauma must contribute to the crime under section 1170, subdivision (b)(6)"].)

We conclude that defendant's failure to raise the applicability of the lower term provision of section 1170, subdivision (b)(6) in the trial court forfeited the argument on

8

appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 351.)[2]

III

*Abstract of Judgment*

The People contend, and defendant agrees, that the abstract of judgment must be corrected to reflect the three-year stayed term imposed for the possession of ammunition by a felon on count 2 in case No. STK-CR-FE-2021-12827. The trial court orally imposed a three-year term for the possession of ammunition by a felon and stayed the term. The abstract reflects that the sentence on count 2 is stayed under section 654 but does not show any term imposed.

We disagree that the abstract of judgment must show the length of a term stayed under section 654. An abstract of judgment is not the judgment of conviction. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070.) The delivery of an abstract of judgment prescribed by sections 1213 and 1213.5 "commences the execution of judgment." (*People v. Hong* (1998) 64 Cal.App.4th 1071, 1076.)[3] "Abstracts of judgment in matters imposing imprisonment in state prison are orders sending the defendant to prison and imposing the duty upon the warden to carry out the judgment." (*Hong*, at p. 1076.) Since the warden does not "carry out" a stayed sentence, the abstract need not include the

---

[2] Defendant offers a cursory alternative claim that the trial court should have imposed the middle term, because the only aggravating factor was defendant's record of convictions. This assertion is made without citation of authority or reasoned argument. Accordingly, we will not consider it. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.) If we were to consider the issue, we would find no error. (*People v. Osband* (1996) 13 Cal.4th 622, 728 ["Only a single aggravating factor is required to impose the upper term . . . ."].)

[3] Section 1213 provides in relevant part that "if the judgment is for imprisonment in the state prison . . . a copy of . . . an abstract of the judgment as provided in [s]ection 1213.5, certified by the clerk of the court . . . shall be forthwith furnished to the officer whose duty it is to execute the . . . judgment . . . ." Section 1213.5 provides that: "The abstract of judgment provided for in Section 1213 shall be prescribed by the Judicial Council."

9

length of a term that will not be executed.  To be sure, a sentence stayed under section 654 must be imposed, i.e., the trial court must select and sentence the defendant to a term of imprisonment before staying the sentence.  (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1468-1469.)  However, it is sufficient that trial court specify the term imposed and stayed at the sentencing hearing.  This information need not be included in the abstract of judgment.

DISPOSITION

The judgment is affirmed.


/s/
MESIWALA, J.



We concur:



/s/
EARL, P.J.



/s/
HULL, J.

10