[No. B112349. Second Dist., Div. Five. June 19, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE SANCHEZ, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, the following portions of the opinion are certified for publication: part I, part II.B, and part III.

**COUNSEL**

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, James William Bilderback II, and David Andrew Eldridge, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.—**

### I. INTRODUCTION

Defendant, Jose Sanchez, appeals from his conviction for possession of a controlled substance. (Health and Saf. Code, § 11350, subd. (a).) He argues the trial court erred in: permitting Detective Dennis Turner to testify concerning an interview with defendant; refusing to instruct the jury with CALJIC No. 12.06; and failing to exercise its discretion by not striking a prior felony conviction. Defendant also argues the restitution fine imposed pursuant to Penal Code section 1202.45 must be reversed. The Attorney General argues the abstract of judgment should be modified to conform to the judgment. In the published portion of the opinion we discuss the necessity of the abstract of judgment identifying a laboratory fee imposed pursuant to Health and Safety Code section 11372.5, subdivision (a) by the trial court. We reverse the order imposing a restitution fine, otherwise we affirm, and direct the superior court clerk to correct the abstract of judgment to reflect the laboratory fee imposed pursuant to Health and Safety Code section 11372.5, subdivision (a).

## II. Discussion

### A. *Defendant's Arguments**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### B. *The Argument of the Attorney General*

The Attorney General argues that the abstract of judgment must be amended to conform to the trial court's oral order concerning a $50 laboratory fee assessed under the provisions of Health and Safety Code section 11372.5, subdivision (a).[5] This is a matter of some consequence because abstracts of judgment issued by the county clerk in Los Angeles routinely omit any reference to fines. The Attorney General is correct that the trial judge orally imposed the laboratory fee. The minute order of the probation and sentence hearing indicates the trial judge imposed the laboratory fee, but the abstract of judgment does not. The abstract of judgment is a form promulgated by the Judicial Council under the authority of Penal Code section 1213.5, which will be discussed in some detail later in this opinion. The abstract of judgment in this case is Judicial Council Forms, form DSL-290.1 and it is attached as an appendix to this opinion. As can be noted, paragraph 4 is labeled "OTHER ORDERS" and is followed by a three-fourths inch by seven-inch space where a fine can be listed. We recently addressed virtually the same issue concerning whether restitution fines must appear in the abstract of judgment in *People v. Hong* (1998) 64 Cal.App.4th 1071, 1074-1085 [76 Cal.Rptr.2d 23]. In *Hong*, we held that an abstract of judgment must reflect the restitution fines imposed pursuant to Penal Code sections 1202.4, subdivision (b) and 1202.45. (64 Cal.App.4th at pp. 1074-1085.) As noted in *Hong*, the abstract must digest the judgment. (*People v. Mesa* (1975) 14 Cal.3d 466, 471 [121 Cal.Rptr. 473, 535 P.2d 337]; *People v. Hartsell* (1973) 34 Cal.App.3d 8, 14 [109 Cal.Rptr. 627].) Further as we explained in *Hong*: "Appellate courts routinely grant requests on appeal of the Attorney General to correct errors in the abstract of judgment. (E.g., *People v. Goodwin* (1997) 59 Cal.App.4th 1084, 1094, fn. 8 [69 Cal.Rptr.2d 576] [abstract corrected to add restitution fine]; *People v. Neufer* (1994) 30

---

*See footnote, *ante*, page 1329.

[5]Health and Safety Code section 11372.5, subdivision (a) states: "Every person who is convicted of a violation of Section 11350, 11351, 11351.5, 11352, 11355, 11358, 11359, 11361, 11363, 11364, 11368, 11375, 11377, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, 11382, 11383, 11390, 11391, or 11550 or subdivision (a) or (c) of Section 11357, or subdivision (a) of Section 11360 of this code, or Section 4230 of the Business and Professions Code shall pay a criminal laboratory analysis fee in the amount of fifty dollars ($50) for each separate offense. The court shall increase the total fine necessary to include this increment."

Cal.App.4th 244, 254 [35 Cal.Rptr.2d 386] [excessive day of presentence conduct credit]; *People* v. *Ngaue* (1992) 8 Cal.App.4th 896, 899, fn. 3 [10 Cal.Rptr.2d 521] [abstract corrected concerning enhancements].)" (64 Cal.App.4th at pp. 1075-1076.) The question in this case is whether the analysis we adopted in *Hong* concerning restitution fines and their listing on the abstract of judgment must also apply to laboratory fees.

As noted previously, Health and Safety Code section 11372.5, subdivision (a) states in relevant part: "Every person who is convicted of a violation of Section 11350 . . . shall pay a criminal laboratory analysis fee in the amount of fifty dollars ($50) for each separate offense. The court shall increase the total fine necessary to include this increment. [¶] With respect to those offenses specified in this subdivision for which a fine is not authorized by other provisions of law, the court shall, upon conviction, impose a fine in an amount not to exceed fifty dollars ($50), which shall constitute the increment prescribed by this section and which shall be in addition to any other penalty prescribed by law." Although identified as a laboratory fee, the sum imposed pursuant to Health and Safety Code section 11372.5 is also described as an increment of a fine. As we explained in *Hong*, a fine is part of a judgment. (*People* v. *Hong, supra,* 64 Cal.App.4th at pp. 1074-1081; *People* v. *Karaman* (1992) 4 Cal.4th 335, 344, fn. 9 [14 Cal.Rptr.2d 801, 842 P.2d 100]; *People* v. *Overstreet* (1986) 42 Cal.3d 891, 898 [231 Cal.Rptr. 213, 726 P.2d 1288].) No doubt, the reasons for requiring the laboratory fee increment to appear in the abstract of judgment are not as compelling as in the case of the restitution fine. As noted in *Hong,* the Department of Corrections has extensive statutorily enumerated powers to enforce restitution fines. (*People* v. *Hong, supra,* 64 Cal.App.4th at pp. 1078-1080.) There is no wide-ranging legislative and constitutional scheme requiring the imposition and payment of laboratory fees pursuant to Health and Safety Code section 11372.5 as in the case of restitution fines. However, to require restitution fines to appear on the abstract but not a laboratory fee, which is an increment of a fine, would require the absurd and unreasonable application of statutes—a state of affairs that is not permissible when construing California statutory enactments. (*People* v. *Loeun* (1997) 17 Cal.4th 1, 9 [69 Cal.Rptr.2d 776, 947 P.2d 1313]; *People* v. *Cruz* (1996) 13 Cal.4th 764, 783 [55 Cal.Rptr.2d 117, 919 P.2d 731].) Just as a " '[r]ose is a rose is a rose is a rose[]' " (Gertrude Stein, Sacred Emily (1913)[])" (*John R.* v. *Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 459 [256 Cal.Rptr. 766, 769 P.2d 948] (conc. opn. of Eagleson, J.)), a fine is a fine is a fine is a fine and is part of the judgment which the abstract must " 'digest or summarize.' " (*People* v. *Mesa, supra,* 14 Cal.3d at p. 471; *People* v. *Hartsell, supra,* 34 Cal.App.3d at p. 14.). We are in accord with the Attorney General that the fourth paragraph of the abstract of judgment must be modified to reflect the imposition of the laboratory fee.

### III.   DISPOSITION

The judgment is modified to delete any reference to a restitution fine. In all other respects, the judgment is affirmed. The superior court clerk is to prepare an amended abstract of judgment which in paragraph 4 refers to the laboratory fee imposed pursuant to Health and Safety Code section 11372.5, subdivision (a) and forward it to the Department of Corrections.

Grignon, J., and Armstrong, J., concurred.

APPENDIX

ABSTRACT OF JUDGMENT – PRISON COMMITMENT
SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

000071

FORM DSL 290.1

**FILED**
LOS ANGELES SUPERIOR COURT

APR - 4 1997

JOHN A. CLARKE, CLERK
*Jarna Davis*
BY JARNA DAVIS, DEPUTY

☒ SUPERIOR
☐ MUNICIPAL } COURT OF CALIFORNIA, COUNTY OF ___ LOS ANGELES
☐ JUSTICE

COURT (ID)
**190001**   BRANCH OR JUDICIAL DISTRICT: ___ CENTRAL CRIMINAL

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: SANCHEZ JOSE
AKA:

☒ PRESENT
☐ NOT PRESENT     KA033342

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

AMENDED
ABSTRACT ☐

| DATE OF HEARING (MO) (DAY) (YR) | DEPT NO | JUDGE | CLERK |
|---|---|---|---|
| 03-27-97 | 57 | RALPH W DAU | I BURMAN |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO OR PROBATION OFFICER |
|---|---|---|---|
| D NAGAO | F GUZMAN | S ROMERO | X988046 |

1  DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY/MISDEMEANOR)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY JURY TRIAL | COURT TRIAL | PLEA | M/D | TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | HS | 11350(A) | POSS CONTR SUBS | 96 | 03 | 07 | 97 | | X | | M | 2 | |

2  ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC
For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385
Add up time for enhancements on each line and enter time total in right-hand column

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

3  ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) AND OTHER.
List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section repeat it for each enhancement (e.g., if 2 non violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

4  OTHER ORDERS

5  TIME STAYED § 1170.1(g) (DOUBLE BASE LIMIT)
6  TOTAL TERM IMPOSED ___ 2
7 ☐ THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S)

8  EXECUTION OF SENTENCE IMPOSED

A ☒ AT INITIAL SENTENCING HEARING   B ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL   C ☐ AFTER REVOCATION OF PROBATION   D ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))   E ☐ OTHER

| 9  DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) | CREDIT FOR TIME SPENT | TOTAL DAYS | | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS | |
|---|---|---|---|---|---|---|---|
| 03-27-97 | | 42 | INCLUDING | 28 | 14 | ☐ DMH | ☐ CDC |

10  DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED

☒ FORTHWITH
☐ AFTER 48 HOURS EXCLUDING SATURDAYS SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION GUIDANCE CENTER LOCATED AT

☐ CALIF INSTITUTION FOR WOMEN - FRONTERA
☐ CALIF MEDICAL FACILITY - VACAVILLE
☐ SAN QUENTIN
☒ CALIF INSTITUTION FOR MEN - CHINO
☐ DEUEL VOC INST
☐ OTHER (SPECIFY) ___

CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action
DEPUTY'S SIGNATURE ___   DATE APR - 4 1997

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences under Penal Code § 1170. Attachments may be used but must be referred to in this document

ABSTRACT OF JUDGMENT – COMMITMENT
SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
FORM DSL 290.1

DISTRIBUTION   PINK COPY - TO STATE   YELLOW COPY – DEPARTMENT OF CORRECTIONS