[No. B198031. Second Dist., Div. Five. Nov. 14, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY DANIEL McCOY, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts III.C. and D.

1248

**COUNSEL**

Richard Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Paul M.

Roadarmel, Jr., and Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.—**

## I.  INTRODUCTION

Defendant, Timothy Daniel McCoy, appeals after he was found in violation of probation. In the published portion of this opinion, we address the application of Senate Bill No. 425 (2007–2008 Reg. Sess.) (enacted as Stats. 2007, ch. 302; hereafter Senate Bill No. 425) which was signed into law by Governor Arnold Schwarzenegger on October 5, 2007, to the present case. We conclude Senate Bill No. 425 applies to this case and thereby affects the calculation of the Government Code[1] section 70372, subdivision (a) state court construction penalty. We further conclude that the trial court should have imposed a section 70372, subdivision (a) state court construction penalty of $15 and a Penal Code section 1465.7, subdivision (a) state court surcharge of $10. It bears emphasis we are only addressing a felony sentence imposed in Los Angeles County. As will be noted, in other counties, the result *may* be different.

## II.  BACKGROUND

On May 10, 2006, defendant pled no contest to a charged cocaine possession. (Health & Saf. Code, § 11350, subd. (a).) Defendant signed and initialed an "Advisement of Rights, Waiver, and Plea Form for Felonies and/or Misdemeanors—Proposition 36 (Pen. Code, § 1210 *et seq.*)" which included the advisements: "26. Future Drug-Related Offense or Violation of Condition of Probation I understand that on a: . . . [¶] (B) second such violation, the Court shall revoke my probation if the violation is proved and either I am found to pose a danger to others or I am found to be unamenable to drug treatment. [¶] 27. I understand that the Court may revoke my probation if, during the course of my drug treatment, I am found to be unamenable to the current treatment and all other authorized forms of treatment. [¶] . . . [¶] 32. I understand that if my Proposition 36 probation is revoked for any reason, the minimum and maximum sentences for the

---

[1] Unless otherwise indicated, all future statutory references are to the Government Code.

charged offenses are as follows: [¶] [Health & Safety Code section] 11350 . . . 3 y[ears]" On May 17, 2006, defendant was placed on formal probation for three years pursuant to Penal Code section 1210.1, subdivision (a) (Proposition 36) for purposes of drug treatment. The trial court cautioned defendant: "This is definitely going to be a state prison case if you don't complete. Doesn't look like you've been able to stay out of trouble more than a few months at a time. It may happen sooner than later if you don't get your act together." Defendant was ordered to report to the Tarzana Treatment Center within 24 hours of his release from custody. Defendant was ordered to return to court on June 21, 2006, for a progress report. A warrant was issued for defendant's arrest on June 21, 2006, following his failure to appear in court.

On July 18, 2006, defendant appeared in court on a probation violation. Defendant acknowledged that he never reported to the Tarzana Treatment Center. Defendant was informed: "The offer's midterm state prison. So you get one more chance. You screw up, you get the two years." The trial court revoked and reinstated defendant's probation, informing him: "On the felony, this your first and only allowed violation. [¶] You have to report to Tarzana Treatment Center tomorrow morning." Defendant was ordered to return to court on August 15, 2006, for a progress report. On August 15, 2006, an arrest warrant was issued for defendant after he failed to appear for a progress hearing. On November 6, 2006, the trial court ordered a probation and sentencing report noting, "He's done nothing on Proposition 36." Defense counsel requested that defendant be reinstated on probation. The trial court noted: "Pretty short and sweet. He's placed on Proposition 36 on May 17th. First court date, bench warrants; comes back in custody. He had done absolutely nothing. He had been offered midterm, turned it down. [¶] 'Give me another chance on Proposition 36.' Waived a hearing, admitted to the violation. Told to come back August 15, bench warranted, never came back. Here he is three months later. I'm not going to put him back on Proposition 36." The trial court revoked defendant's probation, denied further drug program placement, found him not amenable to treatment, and terminated the Proposition 36 program.

On November 27, 2006, defendant's request to be placed in a residential program was denied. The trial court sentenced defendant to the high term of three years in prison; ordered him to pay a laboratory fee pursuant to Health and Safety Code section 11372.5, subdivision (a) and penalty assessments of $50 and $35 pursuant to Penal Code section 1464, subdivision (a) and section 76000, subdivision (a) respectively; imposed a Penal Code section 1202.4, subdivision (b)(1) $600 restitution fine; imposed and stayed a Penal Code section 1202.45 $600 parole restitution fine; ordered him to provide identification samples; and imposed a $20 Penal Code section 1465.8, subdivision (a)(1) court security fee. In imposing sentence, the trial court

reasoned: "Defendant has an astounding record, including a lot of thefts. [¶] . . . [¶] . . . He's still dangerous to the general public. It's subject to robberies and burglaries and general theft. [¶] At this time then the court is consulting Rule 4.421 of the Penal Code [*sic*]. The court believes that under 4.421 B the defendant's prior convictions are such that the defendant is an escalating repeat offender. [¶] Additionally, the defendant had several opportunities under Prop[osition] 36 and couldn't satisfy it. Additionally, when he got the prop[osition] 36 the People did not force him to plead to the 667.5 (b) priors, which would have added possibly five years to his sentence today. [¶] So he got a break when he was allowed to plead to Prop[osition] 36 without admitting the priors."

Defendant filed a "Motion of notice of appeal and/or request for modification of sentence" on January 22, 2007. On March 28, 2007, the trial court resentenced defendant pursuant to the holding in *Cunningham v. California* (2007) 549 U.S. 270, ___–___ [166 L.Ed.2d 856, 127 S.Ct. 856, 868–871]. The trial court sentenced defendant to the midterm of two years in state prison. Defendant requested that he be placed in a drug program or receive one year in county jail. The trial court denied that request based upon defendant's six prior state prison sentences. The trial court reduced defendant's Penal Code sections 1202.4, subdivision (b) and 1202.45 fines to $400 each. No objection to the March 28, 2007 proceeding was interposed by the prosecution.

Defendant appeals from the judgment. We appointed counsel to represent defendant on appeal. Appointed counsel filed a brief in which no issues were raised. (*People v. Wende* (1979) 25 Cal.3d 436, 441–442 [158 Cal.Rptr. 839, 600 P.2d 1071].) On September 25, 2007, defendant filed a letter brief on his own behalf, in which he alleged various inaccuracies in the record relied upon by the sentencing court, including the number of prior convictions. Defendant argues that he was improperly afforded only "one chance" on probation and was deemed unamenable to treatment without official certification by a physician. We asked the parties to address the issue of whether the trial court should have imposed additional fines and penalties and the application of Senate Bill No. 425.

### III.  DISCUSSION

#### A.  State Court Construction Penalty

The trial court should have imposed a section 70372, subdivision (a) state court construction penalty on the Health and Safety Code section

11372.5, subdivision (a) laboratory fee. Health and Safety Code section 11372.5, subdivision (a) refers to the fee as an increment of the total fine.[2] The laboratory fee is an increment of the total fines imposed by the trial court. (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1522 [77 Cal.Rptr.2d 492]; *People v. Sanchez* (1998) 64 Cal.App.4th 1329, 1332 [76 Cal.Rptr.2d 34]].)

As noted, on October 5, 2007, Governor Arnold Schwarzenegger signed Senate Bill No. 425. As amended in section 2 of Senate Bill No. 425, section 70372, subdivision (a) states in part: "(a)(1) Except as otherwise provided in subdivision (b) of Section 70375 and in this article, there shall be levied a state court construction penalty, in the amount of five dollars ($5) for every ten dollars ($10), or part of ten dollars ($10), upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses, including, but not limited to, all offenses involving a violation of a section of the Fish and Game Code, the Health and Safety Code, or the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code. This penalty is in addition to any other state or local penalty, including, but not limited to, the penalty provided by Section 1464 of the Penal Code and Section 76000. [¶] (2) The amount of the court construction penalty may be reduced by a county as provided in subdivision (b) of Section 70375. [¶] (3) This construction penalty does not apply to the following: [¶] (A) Any restitution fine. [¶] (B) Any penalty authorized by Section 1464 of the Penal Code or Chapter 12 (commencing with Section 76000) of Title 8. [¶] (C) Any parking offense subject to Article 3 (commencing with Section 40200) of Chapter 1 of Division 17 of the Vehicle Code. [¶] (D) The state surcharge authorized by Section 1465.7 of the Penal Code." As can be noted, the obligation to impose the $5 state court construction penalty on every $10 of a fine is subject to Government Code section 70375, subdivision (b).

Section 70375, subdivision (b) identifies circumstances where the $5 state court construction penalty on every $10 of a fine is reduced: "(b) In each

---

[2] Health and Safety Code section 11372.5, subdivision (a) states: "Every person who is convicted of a violation of Section 11350, 11351, 11351.5, 11352, 11355, 11358, 11359, 11361, 11363, 11364, 11368, 11375, 11377, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, 11382, 11383, 11390, 11391, or 11550 or subdivision (a) or (c) of Section 11357, or subdivision (a) of Section 11360 of this code, or Section 4230 of the Business and Professions Code shall pay a criminal laboratory analysis fee in the amount of fifty dollars ($50) for each separate offense. The court shall increase the total fine necessary to include this increment. [¶] With respect to those offenses specified in this subdivision for which a fine is not authorized by other provisions of law, the court shall, upon conviction, impose a fine in an amount not to exceed fifty dollars ($50), which shall constitute the increment prescribed by this section and which shall be in addition to any other penalty prescribed by law."

county, the amount authorized by Section 70372 shall be reduced by the following: [¶] (1) The amount collected for deposit into the local courthouse construction fund established pursuant to Section 76100. [¶] (2) The amount collected for transmission to the state for inclusion in the Transitional State Court Facilities Construction Fund established pursuant to Section 70401 to the extent it is funded by money from the local courthouse construction fund." As can be noted, there are two potential reductions on the $5 state court construction penalty on every $10 of a fine. The first listed reduction— the amount collected for deposit into the section 76100 local courthouse construction fund applies to defendant.

■ Section 76100, subdivision (a) allows a county board of supervisors to create a "Courthouse Construction" fund. The purpose of the fund is to assist a county in acquiring, rehabilitating, constructing, and financing court-rooms, court buildings which contain facilities "necessary or incidental" to justice system operations, or court facilities. (§ 76100, subds. (a)–(b)(1).) Further, the construction fund may be used to rehabilitate existing courtrooms and "other uses" if a new courthouse is constructed or acquired. (§ 76100, subd. (b)(1).) Further, the fund may be used to "acquire, rehabilitate, construct, or finance" what are referred to as "excess courtrooms" in order to meet anticipated future judicial needs. (§ 76100, subd. (b)(2).) Therefore, the $5 state court construction penalty on every $10 in section 70372, subdivision (a) is reduced by the amount collected for transmission into the section 76100 local courthouse construction fund. (§§ 70372, subd. (a), 70375, subd. (b)(1).) Monies collected for the section 76100 courthouse construction fund are ultimately transferred to the State Court Facilities Construction Fund within the timeframes specified in section 70402, subdivision (a).

■ What is unclear from a reading of sections 76100, 70372, subdivision (a), and 70375, subdivision (b) is the amount of the deduction that must be made from the $5 state court construction penalty on the applicable fines. The answer, although not as clear as all would wish, is found in section 76000. Section 76000, subdivision (a) authorizes a penalty assessment of $7 on $10 of every fine. This penalty assessment of $7 on $10 of every fine does not apply to Penal Code sections 1202.4, subdivision (b)(1) and 1202.45 restitution fines; Penal Code section 1464 penalty assessments; specified parking offenses, and the Penal Code section 1465.7 state surcharge. (§ 76000, subd. (a)(3) as amended by Stats. 2007, ch. 302, § 4.) Section 76000, subdivision (a)(2) grants each county board of supervisors the authority to specify, within limits, how the $7 penalty assessment is to be spent: "These moneys shall be taken from fines and forfeitures deposited with the county treasurer prior to any division pursuant to Section 1463 of the Penal Code.

The county treasurer shall deposit those amounts specified by the board of supervisors by resolution in one or more of the funds established pursuant to this chapter." ■ The Los Angeles County Board of Supervisors has specified that $2 of the Section 76000, subdivision (a) penalty is to be deposited with the county treasurer for courtroom construction purposes. (L.A. County Board of Supervisors, Resolution of the Board of Supervisors to Increase the Penalty Assessments for the Courtroom Construction and Criminal Justice Facility Funds, Mar. 8, 1988.) Section 76000, subdivision (e) consists in part of a chart that specifies for each county that amount of the penalty assessment of $7 on $10 of every fine the local board of supervisors has allocated for purposes *other than courthouse construction.* Section 76000, subdivision (e) states in part: "The seven-dollar ($7) additional penalty authorized by subdivision (a) shall be reduced in each county by the additional penalty amount assessed by the county for the local courthouse construction fund established by Section 76100 as of January 1, 1998, when the money in that fund is transferred to the state under Section 70402. The amount each county shall charge as an additional penalty under this section shall be as follows: [¶] . . . [¶] Los Angeles [$5.00]." Thus, the Los Angeles County Board of Supervisors has determined that $5 of the penalty assessment of $7 on $10 of every fine is *not* to be used for courtroom construction. That leaves $2 of the $7 assessment that is allocated for courthouse construction pursuant to the board of supervisor's March 8, 1988 resolution.

■ This brings us back to the section 70372, subdivision (a)(1) state court construction penalty of $5 on every $10 of every fine (subject to the aforementioned exceptions specified in section 70372, subdivision (a)(3)). As noted, section 70372, subdivision (a) requires the $5 state court construction penalty be reduced by the amount specified in section 70375, subdivision (b). Section 70375, subdivision (b) requires that the $5 court construction penalty be reduced by the amount the local board of supervisors directs be paid from the section 76000, subdivision (a) penalty assessment into the section 76100 local courthouse construction fund. As noted, the Los Angeles County Board of Supervisors has directed that $2 of the section 76000, subdivision (a) penalty assessment be paid into the section 76000 local courthouse construction fund. Therefore, in Los Angeles County, every convicted felon must pay on a Health and Safety Code section 11372.5, subdivision (a) laboratory fee a $3 state court construction penalty on every $10 of the fee, which is statutorily designated as a fine. Since the Health and Safety Code section 11372.5, subdivision (a) laboratory fee is $50, the state court construction penalty that must be added to the judgment is $15.

The remaining question is whether the Legislature intended Senate Bill No. 425 to apply to the present case. Senate Bill No. 425 was introduced in response to our decision in *People v. Chavez* (Apr. 19, 2007, B190270), review granted August 15, 2007 (S153920), review dismissed and remanded

October 24, 2007. The Supreme Court news release issued when review was granted states: "This case presents the following issues: (1) Is the amount of the state court construction penalty under Government Code section 70372, subdivision (a) reduced under Government Code section 70375 by amounts collected for the local courthouse construction fund (Gov. Code § 76100) or is only the amount transmitted to the state under Government Code section 70372, subdivision (f) so reduced? (2) Did the trial court properly deny defendant's motion to strike a prior serious felony conviction allegation for purposes of sentencing (see *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628])?" (<http://www.courtinfo.ca.gov/courts/supreme/summaries/WS081307.DOC> [as of Nov. 14, 2007].) On August 29, 2007, our Supreme Court issued the following order: "Pursuant to rule 8.156 of the California Rules of Court, the issue to be briefed and argued is limited to the first issue stated in the petition for review: 'Whether the Court of Appeal erred in imposing a [Government Code] section 70372 state court construction penalty on petitioner's various fines, penalties, and fees without remanding to the trial court to determine the amount by which the state court construction penalty should be reduced pursuant to section 70375.' " (<http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=478442&doc_no=S153920> [as of Nov. 14, 2007].)

In *Chavez*, we made two rulings which were directly addressed by Senate Bill No. 425. First, we held that the section 70372, subdivision (a) $5 state court construction penalty on every $10 of a fine was not subject to any deduction. Prior to the enactment of Senate Bill No. 425, former section 70372, subdivision (a) stated in part, "Except as otherwise provided in this article, there shall be levied a state court construction penalty, in addition to any other state or local penalty including, but not limited to, the penalty provided by Section 1464 of the Penal Code and Section 76000 of the Government Code, in an amount equal to five dollars ($5) for every ten dollars ($10) or fraction thereof, upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses . . . ." (Former § 70372, added by Stats. 2002, ch. 1082, § 4.) There was no reference in section 70372, subdivision (a) to former section 70375, subdivision (b) which provided in part: "(b) In each county, the amount authorized by Section 70372 shall be reduced by the following: [¶] (1) The amount collected for deposit into the local courthouse construction fund established pursuant to Section 76100. [¶] (2) The amount collected for transmission to the state for inclusion in the Transitional State Court Facilities Construction Fund established pursuant to Section 70401 to the extent it is funded by money from the local courthouse construction fund." (Former § 70375, as amended by Stats. 2005, ch. 410, § 4.) In *Chavez*, we held the reduction specified in section 70375, subdivision (b) referred not to the state court construction penalty but to the funds transferred by a county treasurer to the State

Controller as required by section 70372, subdivision (f) which stated then and now, "Within 45 days after the end of the month that moneys are deposited in the county treasury pursuant to subdivision (a) or (b), the county treasurer shall transmit the moneys to the State Controller, to be deposited in the State Court Facilities Construction Fund." (Stats. 2002, ch. 1082, § 4.) Second, in *Chavez*, we held that the section 70372, subdivision (a) state court construction penalty extended to the Penal Code section 1464, subdivision (a) penalty assessment; the Government Code section 76000 subdivision (a) penalty assessment; and the Penal Code sections 1202.4, subdivision (b)(1) and 1202.45 restitution fines as well.

■ Our decision in *Chavez* became final on June 20, 2007. Review was granted on August 15, 2007. Senate Bill No. 425, as introduced on February 21, 2007, made no reference to section 70372 or the state court construction penalty. But on August 27, 2007, 12 days after our Supreme Court's grant of review in *Chavez*, section 2 of Senate Bill No. 425 amended section 70372, subdivision (a) to clarify that the $5 state court construction penalty on every $10 of a fine is subject to the deduction for sums paid as part of the section 76000, subdivision (a) penalty assessment to the local courthouse construction fund. Further, section 2 of Senate Bill No. 425 amended former section 70372, subdivision (a)(2) to *clarify* that no state court construction penalty was to be imposed on any restitution fine; the Penal Code section 1464, subdivision (a) and Government Code section 76000, subdivision (a) penalty assessments; and the Penal Code section 1465.7 state surcharge. These two key amendments remained in Senate Bill No. 425 when it was signed by Governor Schwarzenegger. Thus, two of the key points in our *Chavez* opinion—the absence of any reduction of the state court construction penalty and its application to other assessments and fines—were the subject of prompt legislative action. Legislative documents indicate the Legislature intended to accomplish the following: clarify that the courthouse construction penalty is reduced by the amount the county board of supervisors elects to contribute to the local courthouse construction fund; clarify that specified penalty assessments were not to be imposed on restitution fines; and abrogate our holding in *Chavez*. (Assem. Com. on Public Safety, 3d reading analysis of Sen. Bill No. 425 (2007–2008 Reg. Sess.) as amended Aug. 27, 2007, p. 1; Assem. Com. on Public Safety, 3d reading analysis of Sen. Bill No. 425 (2007–2008 Reg. Sess.) as amended Sept. 6, 2007, p. 1; Sen. Rules Com., Off. of Sen. Floor Analyses, Rep. on Sen. Bill No. 425 (2007–2008 Reg. Sess.) as amended Sept. 6, 2007, pp. 4–5; Off. of Sen. Floor Analyses, Rep. on Sen. Bill No. 425 (2007–2008 Reg. Sess.) as amended Sept. 6, 2007, pp. 4–5.) Section 22 of Senate Bill No. 425 states, "It is the intent of the Legislature, in enacting Sections 2 to 8, inclusive, and Sections 14 to 18, inclusive, of this act, to construe and clarify the meaning and effect of existing law and to reject the interpretation given to the law in

*People v. Chavez . . . .*" (Stats. 2007, ch. 302, § 22.) Since Senate Bill No. 425 was intended as a clarification of existing law and since it works to defendant's benefit, it applies in this case. (*Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922 [44 Cal.Rptr.3d 223, 135 P.3d 637]; *Hoffman v. Board of Retirement* (1986) 42 Cal.3d 590, 593 [229 Cal.Rptr. 825, 724 P.2d 511].) Further, because Senate Bill No. 425 results in a reduction in punishment (banning the application of the state court construction penalty on other penalties and requiring a deduction for sums assessed as part of the state court construction penalty) and there is no savings clause, it applies retroactively to defendant. (*People v. Vieira* (2005) 35 Cal.4th 264, 305 [25 Cal.Rptr.3d 337, 106 P.3d 990] ["a defendant generally is entitled to benefit from amendments that become effective while his case is on appeal"]; *In re Estrada* (1965) 63 Cal.2d 740, 746–747 [48 Cal.Rptr. 172, 408 P.2d 948] ["where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed"].)

Two words of caution are in order. This case involves a felony sentence imposed in Los Angeles County. Section 76000, subdivision (e) makes clear that most counties allocate only $2 of the $7 penalty assessment on each fine to the section 76100 local courthouse construction fund. But other counties allocate different amounts to the local courthouse construction fund. (§ 76000, subd. (e).) Further, any county board of supervisors remains free to adopt a new resolution modifying the allocation to courthouse construction. If that happens, the amount deducted from the section 70372, subdivision (a) state court construction penalty will likewise change.

### B.   State Surcharge

The $50 Health and Safety Code section 11372.5, subdivision (a) laboratory fee is subject to a 20 percent state surcharge pursuant to Penal Code section 1465.7, subdivision (a) or $10. (*People v. Taylor* (2004) 118 Cal.App.4th 454, 456–457 [12 Cal.Rptr.3d 923].) But the state court construction penalty is not imposed on the state surcharge. (§ 70372, subd. (a)(2)(D), as amended by Stats. 2007, ch. 305, § 2.)

### C., D.\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

\*See footnote, *ante*, page 1246.

## IV.  DISPOSITION

The judgment is modified to impose a $15 state court construction penalty pursuant to Government Code section 70372, subdivision (a); impose a $10 state surcharge pursuant to Penal Code section 1465.7, subdivision (a); and vacate all of the restitution fines. The superior court clerk shall forward a corrected copy of the abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is affirmed in all other respects.

Armstrong, J., and Mosk, J., concurred.