Filed 4/4/13  P. v. Jackson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C070454 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F01825) |
| v. | |
| RONALD L. JACKSON, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant Ronald L. Jackson, Jr., asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We conclude the judgment must be modified to include imposition of certain mandatory fines and fees.  We will modify the judgment, affirm the judgment as modified, and direct the trial court to amend the abstract of judgment.

**BACKGROUND**

On March 9, 2011, law enforcement responded to a call of domestic violence at the home of defendant's girlfriend, Elizabeth V.  When law enforcement arrived, they

1

saw Elizabeth "frantically running" from her home, "carrying a small child in her arms." Elizabeth approached the officers' vehicle; she appeared "shooken up" and had visible injuries to her face and upper body. Elizabeth gave the officers "a brief synopsis [of] what happened," and said that defendant had "fled the scene." After five minutes of looking for defendant, the officers returned to the scene and spoke with Elizabeth.

Elizabeth told the officers she and defendant had been arguing from approximately 1:00 a.m. until just before the officers arrived around noon. That argument became physical, and defendant told Elizabeth to go to the garage. Once there, Elizabeth called out for the woman who lived with them, Lacina N. Lacina came into the garage, and Elizabeth ran across the street to her neighbor's house, asking her neighbor to call 911. Elizabeth then returned to her garage, where defendant again assaulted her. During the renewed assault, defendant "whipped" Elizabeth and Lacina with a jump rope, and then used the same rope to choke Elizabeth. Lacina ran from the garage; defendant "let[] up on" the rope and Elizabeth ran after her. Elizabeth and Lacina ran back to the neighbor's house and called 911.

Defendant was arrested and charged with the following crimes against Elizabeth V.: attempted murder (Pen. Code, §§ 664/187, subd. (a)),[1] kidnapping (§ 207, subd. (a)), two counts of inflicting corporal injury on the parent of his own child or children (§ 273.5, subd. (a)), two counts of making criminal threats (§ 422), and false imprisonment (§ 236). Defendant also was charged with crimes against Lacina N.: battery (§ 243, subd. (d)) and false imprisonment (§ 236). It was further alleged that defendant was previously convicted of a serious felony within the meaning of section 1192.7, subdivision (c).

---

[1] Undesignated statutory references are to the Penal Code.

The charging information was later amended, removing the charge of attempted murder and charging defendant instead with assaulting Elizabeth V. "with a deadly weapon, to wit, a jump rope." (§ 245, subd. (a)(1).) Defendant pleaded not guilty to the amended charges and denied the allegations, and a jury trial began that same day. Following the admission of evidence, but prior to submitting the case for the jury's deliberations, the People moved to dismiss the second charge of inflicting corporal injury on a parent of defendant's own child or children. (§ 273.5, subd. (a).) The court granted the People's motion. The case was later submitted to the jury.

The jury sent two questions to the trial court during its deliberations. The first was for a read-back of witness testimony, the second question indicated they had reached a verdict of not guilty on several counts but were "deadlocked" on others. The trial court asked the jurors if further deliberations would help them reach a verdict; the jurors indicated no amount of deliberation would help. The court advised the jury that given the "fairly limited amount of deliberations" they had engaged in, the court would order them to return the following day and deliberate for at least another hour or two. The court reassured the jury they would not be compelled to continue deliberating after that time if they were truly deadlocked.

The following day, after 58 minutes of additional deliberation, the jury sent a note to the trial court that read, "This jury is still deadlocked . . . on counts 1, 3, 7, 8 & 9. Any further discussion will lead to a higher level of hostility." The court determined the jurors had deliberated the case and were not able to agree on a verdict as to the disputed counts. The jury found defendant not guilty of kidnapping and making criminal threats. The court declared a mistrial as to the remaining counts. At the court's request, the jury foreperson advised that on the remaining counts, the majority of the jurors would have found defendant guilty.

Defendant subsequently pleaded no contest to an amended charge of assault by means likely to produce great bodily injury (§ 245, subd. (a)(1)) and admitted previously

being convicted of a serious felony. The trial court then sentenced defendant to the low term of two years, doubled to four years for the prior serious felony conviction. The court awarded defendant 381 days of custody credit (255 days' actual and 126 conduct) and ordered defendant to pay a restitution fine of $240. (§ 1202.4.)

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

## DISCUSSION

Based on our review of the record, we conclude the judgment must be modified to include imposition of certain mandatory fines and fees, and the abstract of judgment must be amended.

The oral imposition of sentence constitutes the judgment in an action. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Zackery* (2007) 147 Cal.App.4th 380, 387-388.) Thus, the oral rendition of judgment must specify the amounts of and the statutory bases for all fines and fees that the trial court imposes (*People v. High* (2004) 119 Cal.App.4th 1192, 1200) or, at minimum, include an incorporation of an accurate written breakdown by reference. And because the abstract of judgment is the order that executes the judgment by transferring defendant into custody and authorizing the performance of its provisions (*Mitchell*, *supra*, 26 Cal.4th at p. 185; *In re Black* (1967) 66 Cal.2d 881, 889-890), it must be an accurate summary of the judgment, including all fines and fees (*High*, *supra*, 119 Cal.App.4th at p. 1200; *Zackery*, *supra*, 147 Cal.App.4th at pp. 387-388; *People v. Sanchez* (1998) 64 Cal.App.4th 1329, 1332; *People v. Hong* (1998) 64 Cal.App.4th 1071, 1080).

When it came time to impose fines and fees at sentencing, the trial court orally imposed a $240 restitution fine pursuant to section 1202.4. But it did not orally impose

4

and stay the mandatory matching parole revocation fine, which in this case must also be $240. (§ 1202.45.) As the fine is mandatory, we will modify the judgment to include it. (*People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157 (*Talibdeen*).) Thus, although the abstract of judgment already includes the mandatory $240 parole revocation fine, the judgment must be modified to include the same.

At sentencing, the trial court also failed to orally impose the mandatory court security fee (Pen. Code, § 1465.8) in the amount of $40, and the mandatory court facilities assessment (Gov. Code, § 70373) in the amount of $30. We will modify the judgment to include those fees as well. (*Talibdeen*, *supra*, 27 Cal.4th at p. 1157.) Those fees are likewise omitted from the abstract of judgment.

The judgment must be modified to include these mandatory fees and the abstract of judgment amended accordingly. Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is modified to impose a $240 parole revocation fine, a $40 court security fee, and a $30 court facilities assessment. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting the judgment as modified and to forward a certified copy thereof to the California Department of Corrections and Rehabilitation.

                                                        RAYE        , P. J.

We concur:


        BUTZ        , J.


        DUARTE      , J.

5