Filed 4/22/13  P. v. Chavez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C072573 |
| Plaintiff and Respondent, | (Super. Ct. No. CR122782) |
| v. | |
| ANTHONY RALPH CHAVEZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Anthony Ralph Chavez has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We shall affirm the judgment, but order the abstract of judgment corrected as we explain *post*.

**BACKGROUND**

On June 14, 2012, defendant sold approximately 3.4 grams of methamphetamine to an undercover agent.  Defendant was driving a stolen vehicle.  When law enforcement attempted to stop defendant, he fled.

1

On June 27, 2012, law enforcement located defendant in Sacramento, driving the same stolen vehicle. Law enforcement attempted to stop him and he fled again. He drove "recklessly" to evade law enforcement; he ran through red light intersections and, although it was evening, he did not turn on the car's headlights. Law enforcement ended their pursuit "for fear of public safety." They later found the stolen vehicle with .5 grams of heroin inside.

On July 10, 2012, defendant (in a different stolen vehicle) negotiated the sale of half an ounce of methamphetamine to another undercover agent. When defendant arrived at the location agreed upon for the sale, uniformed law enforcement officers attempted to arrest him. Defendant ran from the officers but was ultimately detained. The officers found .2 grams of heroin and .5 grams of marijuana in defendant's possession.

Defendant was arrested and subsequently charged with the following: (1) transporting methamphetamine, a controlled substance (Health & Saf. Code, §11379, subd. (a)); (2) selling methamphetamine, a controlled substance (Health & Saf. Code, § 11379, subd. (a)); (3) two counts of theft of a vehicle, with a prior felony conviction for vehicle theft (Veh. Code, § 10851, subd. (a), Pen. Code, § 666.5, subd. (a)); (4) two counts of transporting heroin, a controlled substance (Health & Saf. Code, § 11352, subd. (a)); (5) evading a peace officer with reckless driving (Veh. Code, § 2800.2); (6) conspiracy to sell methamphetamine, a felony (Pen. Code, § 182, subd. (a)(1)); (7) offering to sell methamphetamine, a controlled substance (Health & Saf. Code, § 11379, subd. (a)); (8) purchase or receipt of a stolen vehicle (Pen. Code, § 496d, subd. (a)); (9) evading a peace officer (Veh. Code, § 2800.1, subd. (a)); and (10) resisting or obstructing a peace officer (Pen. Code, § 148, subd. (a)(1)). It was further alleged that defendant previously served three prison terms. (Pen. Code, § 667.5, subd. (b).)

Defendant pleaded no contest to one count of transporting methamphetamine in violation of Health and Safety Code, section 11379, subdivision (a) and one count of theft of a vehicle with a prior conviction for theft of a vehicle in violation of Vehicle Code

section 10851, subdivision (a) and Penal Code section 666.5, subdivision (a). Defendant also admitted to serving three prior prison terms (Pen. Code, § 667.5, subd. (b)).

In exchange for his plea, the People agreed to a sentencing lid of eight years (to be served in "county prison") and to dismiss the remainder of the charges and allegations. The People also agreed defendant was eligible for a "split sentence" under the terms of Penal Code section 1170, subdivision (h)(5)(b).

The trial court sentenced defendant in accordance with his plea to a "split sentence": 1947 days in custody and 973 days of mandatory supervision. Defendant was awarded custody credit and ordered to pay various fines and fees. Defendant appeals without a certificate of probable cause.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and asks us to determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

We do, however, find error in the abstract of judgment. The trial court orally imposed a $50 crime lab analysis fee plus a $150 penalty assessment (Health & Saf. Code, § 11372.5). Those fees are not reflected in the abstract of judgment.

It is the oral imposition of sentence that constitutes the judgment in an action. (*People v. Mitchell* (2001) 26 Cal.4th 181 (*Mitchell*), 185; *People v. Zackery* (2007) 147 Cal.App.4th 380, 387-388 (*Zackery*).) This means it is the oral rendition of judgment that must specify the amounts and statutory bases for all fines and fees that the court imposes (*People v. High* (2004) 119 Cal.App.4th 1192, 1200 (*High*)), or at a minimum include an incorporation of an accurate written breakdown by reference.

3

Further, because the abstract of judgment is the order that executes the judgment by transferring defendant into custody and authorizing the performance of its provisions (*Mitchell, supra*, 26 Cal.4th at p. 185; *In re Black* (1967) 66 Cal.2d 881, 889-890), it must be an accurate summary of the judgment, including all fines and fees. (*High, supra*, 119 Cal.App.4th at p. 1200; *Zackery, supra*, 147 Cal.App.4th at pp. 387-388; *People v. Sanchez* (1998) 64 Cal.App.4th 1329, 1332; *People v. Hong* (1998) 64 Cal.App.4th 1071, 1080.) Here, the abstract fails to reflect the full judgment.

Further, at sentencing the trial court incorporated the written breakdown of fines and fees found on the "first page of [defendant's] mandatory supervision terms and conditions." That breakdown of fines and fees includes a $240 restitution fine under Penal Code section 1202.4, subdivision (b). That fine also was omitted from the abstract of judgment. We must direct correction of the abstract accordingly.

## DISPOSITION

The judgment is affirmed. The trial court shall prepare a corrected abstract of judgment in accordance with our directions in this opinion and forward a certified copy to the Department of Corrections and Rehabilitation.


                                        DUARTE             , J.


We concur:


     ROBIE                  , Acting P. J.


     MAURO               , J.


4