Filed 4/10/15  P. v. Simpson CA3

**NOT TO BE PUBLISHED**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C077154 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F3576) |
| v. | |
| SCOTT CALVIN SIMPSON, | |
| Defendant and Appellant. | |

1

In exchange for dismissal of the remainder of the charges and enhancements, defendant Scott Calvin Simpson entered a plea of guilty to reckless evasion of a police vehicular pursuit, assault with a deadly weapon (a car), and driving with a level of blood alcohol in excess of 0.08 percent. The trial court sentenced him to state prison for the maximum term specified in the plea bargain (four years).

On appeal, defendant argues the trial court transgressed the doctrine of separation of powers in sentencing, erroneously classified him as a habitual traffic offender, and improperly calculated penalty assessments on his criminal fine. The People concede the second issue. We shall strike the classification, reduce a state surcharge by 80 cents, and affirm as modified with directions to prepare an amended abstract of judgment.

The circumstances underlying defendant's convictions are not material to this appeal. As reflected in the police report (the stipulated factual basis for the plea), in the early evening of June 9, 2013, a highway patrolman saw defendant driving erratically in his truck, ultimately veering off the interstate and into the perimeter fence. As the officer approached, defendant backed the truck out of the fence and sped back onto the highway. He attempted to outrun the pursuit of another officer at speeds of up to 125 miles per hour. The pursuit left the freeway and continued through residential neighborhoods, defendant violating numerous rules of the road (including steering the truck directly at one of his pursuers and forcing the officer to take evasive action). A breath test indicated a level of blood alcohol in excess of 0.19 percent.

## 1.0  The Court's Remarks Did Not Violate the Doctrine of Separation of Powers

The trial court did not indicate its intentions before imposing sentence.  After ordering defendant to surrender his driver's license for transmittal to the DMV for revocation, defendant being subject to a lifetime license revocation (see Veh. Code, § 13351.5), the trial court "ordered [defendant] not to drive a motor vehicle without a valid California driver's license" and "to complete whatever alcohol programs are going to be required of you in order to get your license back."  The proceedings ended at this point without any invitation to the parties to respond or further opportunity to object.

Defendant concedes the trial court could have properly *advised* him of these two requirements.  He contends, however, that the trial court was not authorized pursuant to any statute to *order* him as a consequence of his present offenses not to drive and to complete an alcohol program in connection with any reinstatement of his license, and therefore violated the doctrine of separation of powers with respect to the determination of the punishment for a crime.  (See *People v. Rodriguez* (1998) 66 Cal.App.4th 157, 173, fn. 14 [noting punishment is uniquely a prerogative of the legislative branch, which restricts judicial intrusion on issue as a matter of separation of powers].)  He argues the judgment could result in his punishment for contempt for violating these "orders."

We reject the People's invocation of forfeiture for failing to object.  The trial court did not provide a reasonable opportunity to object because it did not announce a proposed sentence and invite comment.  (See *People v. Gonzalez* (2003) 31 Cal.4th 745, 752, 755.)

We note that these "orders" are not reflected in either the court's minute order or the abstract of judgment.  Defendant cites to the recommendations in the *probation report*, which do not have any force of law.  More importantly, to the extent the pronouncement of judgment can be viewed as including "orders" to this effect, such orders would not amount to anything more than the equivalent of the standard statutory condition to which all postrelease supervisees are subject:  to "obey all laws."  (Pen.

3

Code, § 3453, subd. (b).) We thus reject any claim of a violation of the separation of powers.

## 2.0 The Finding That Defendant Is a Habitual Traffic Offender Is Unauthorized

The pronouncement of judgment included the recommendation in the probation report of a finding that defendant was a habitual traffic offender. Again, this is not reflected in the court's minute order or the abstract of judgment. We must address the matter nonetheless because the pronouncement of judgment prevails over the clerk's minutes or the abstract. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 387-388; *People v. Sanchez* (1998) 64 Cal.App.4th 1329, 1332; *People v. Hong* (1998) 64 Cal.App.4th 1071, 1080.)

A finding designating a defendant as a habitual traffic offender is authorized only for certain convictions involving an iterated alcohol-related offense. (See Veh. Code, § 13350, subd. (b) [cross-referencing provisions that authorize this designation].) Defendant does not have any previous alcohol-related driving offenses. We will modify the judgment to strike this designation, as the People properly concede.

## 3.0 The Penalty Assessments

Defendant was subject to a $481 base criminal fine (Veh. Code, § 23536. subd. (a)) and assessments (totaling $1,420, as calculated in the probation report). After obtaining a waiver from defendant of an oral breakdown of the figures, the court's pronouncement of judgment imposed a figure of $1,901 for the fine and assessments. (This is not reflected in either the minute order or the abstract of judgment.) Defendant faults two assessments included in the fine.

Defendant argues the "county penalty" assessment in Shasta County should have been $3.50 per $10 of the base fine, not $7. (Gov. Code, § 76000, subds. (a), (e).) Even if the issue is not *forfeited* for want of a reasonable opportunity to object, nevertheless

4

defendant's claim omits pertinent facts from the record on appeal, e.g., whether Shasta County has in fact established a local courthouse construction fund (*id*., § 76100 [we take judicial notice, however, of § 76245 of this code that "tombstones" the existing fund in honor of a former state assemblymember]), whether it is in fact transferring such funds to the state (*id*., § 70402), and whether its bonded indebtedness for its local court facilities is yet retired (*ibid*.). Defendant thus fails to satisfy his burden on appeal to establish that the trial court erred. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 [failure to provide adequate record on issue results in issue being resolved against appellant].)

Defendant also argues the state surcharge (on top of the state penalty of $10 per $10 or part of $10 on the base fine) of 20 percent of the base fine (Pen. Code, §§ 1465.7, subd. (a), 1464) only amounts to $*96.20*, not $*97* as calculated in the probation report. It is daunting to contemplate the cost of responding to this claim of an 80-cent error.[1] Rather than further compound those costs, we will simply assume that defendant is correct (and await a case in which this would be a material distinction): the statute calculates the surcharge as a flat percentage rather than $2 for every $10 or part of $10 (which would amount to $98, not $97). We therefore will modify it to the lesser figure.

## 4.0 Restitution/Parole Revocation Fines Are Incorrect in the Minutes and Abstract

On our own motion, we observe that the *oral pronouncement of judgment* imposed $2,240 as a restitution fine (and imposed and stayed the concomitant parole revocation fine). The probation report's calculation reflected $280 per two counts, per each year of defendant's sentence. (Pen. Code, § 1202.4, subd. (b)(2).) However, the minute order

---

[1] The Legislature should contemplate whether making such literally nickel-and-dime issues cognizable on *appeal* is an effective use of scarce judicial resources, rather than limiting fee/fine/assessment issues to a postjudgment *motion* addressed in the first instance to the trial court and subject only to writ review.

and abstract of judgment impose only $280 for the two fines.  Neither party on appeal appears to have taken this discrepancy into account.

In addition to the other necessary corrections, we will direct sua sponte the trial court to correct these errors in an amended order and abstract because the issue seems to be straightforward.  Any party purporting to be aggrieved may petition for rehearing. (*People v. Taylor* (2004) 118 Cal.App.4th 454, 457; Gov. Code, § 68081.)  We further direct the trial court to ensure that the amended abstract complies with *People v. High* (2004) 119 Cal.App.4th 1192, 1200.

The judgment is modified to strike the finding that defendant is a habitual traffic offender and to reduce the state surcharge on the base criminal fine to $96.20.  The trial court is directed to issue an amended minute order and abstract of judgment that reflects these modifications as well as *all* components of the oral pronouncement of judgment, including (pursuant to *High*) a breakdown of the base fine and penalty assessments for the benefit of the Department of Corrections and Rehabilitation (to whom it should send a certified copy of the amended abstract).  As modified, the judgment is affirmed.


      BUTZ          , J.

We concur:


     RAYE         , P. J.


     NICHOLSON    , J.

6