Filed 5/27/21  P. v. Hernandez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B306497 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA091217) |
| v. | |
| CARLOS LUIS HERNANDEZ, JR. | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael V. Jesic, Judge.  Affirmed as modified with directions.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Carlos Luis Hernandez contends, and respondent Attorney General agrees, that the minute order the trial court issued after appellant's probation revocation hearing contains two errors. First, it inaccurately states that appellant and his counsel admitted the probation violation. Second, it states that the court imposed a restitution fine of $300 under Penal Code section 1202.4, subdivision (b),[1] and imposed and stayed a parole revocation fine of $300 under section 1202.45 even though the court did not orally pronounce either fine at the hearing. The fines are also reflected in the abstract of judgment.

Appellant and respondent agree that we can and should strike from the minute order the erroneous statement that appellant and counsel admitted the probation violation. The parties differ, however, on the appropriate remedy for the statements concerning the fines. Appellant asks us to strike these statements, while respondent argues that we should remand so the trial court may consider whether to impose the fines or make findings that doing so is not warranted. We conclude remand is not appropriate in this case because respondent waived the issue by failing to object below. We order the erroneous statement and fines stricken from the minute order and abstract of judgment. We otherwise affirm the judgment.

## BACKGROUND

On September 6, 2019, the Los Angeles County District Attorney (the People) filed a felony complaint charging appellant with one count of grand theft of an automobile, a golf cart (§ 487, subd. (d)(1)), and one count of driving or taking a vehicle—the golf cart—without the consent of its owner (Veh. Code, § 10851,

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

2

subd. (a)).  The complaint also alleged several priors, including two strike offenses.  (§§ 666.5, 667, subds. (b)-(j), 667.5, subd. (b), 1170.12.)

Appellant pled no contest to the grand theft charge on September 25, 2019. The court dismissed the other charge and allegations pursuant to the parties' plea agreement.  The court suspended imposition of sentence and placed appellant on formal probation for three years, subject to terms and conditions including a requirement to "obey all laws and orders of the court." After a subsequent hearing, the court ordered appellant to "not own, possess, or have under his . . . custody or control, firearms that must be relinquished."

On February 13, 2020, the court revoked appellant's probation and set the matter for a probation violation hearing. On March 16, 2020, the court held a preliminary hearing on a felony complaint stemming from a shooting incident that gave rise to the alleged probation violation.  At the conclusion of the preliminary hearing, the court held appellant to answer for discharging a firearm in a grossly negligent manner (§ 246.3, subd. (a)), possession of a firearm by a felon (§ 29800, subd. (a)(1)), and battery (§ 242).

The court held the probation violation hearing on June 23, 2020.  At the outset of the hearing, the People offered to drop the pending charges if appellant admitted to violating his probation by possessing a gun.  Appellant's counsel informed the People and the court, "I don't think he wants to admit he was on probation violation of a gun."  The court responded, "If you don't want to admit, you don't have to admit. So let's go ahead and do the violation."

The parties then stipulated to enter the reporter's transcript of the March 16, 2020 preliminary hearing into evidence. Neither the People nor appellant presented any further evidence. After hearing argument, the court found that appellant violated the terms of his probation by possessing a firearm. The court then terminated appellant's probation and sentenced him to the high term of three years on the underlying grand theft offense. The court awarded appellant 462 days of custody credit and, on the People's motion, dismissed the open case against him. The court also stated, "[t]he remaining fees are terminated." The court did not say anything about restitution fines. Neither party called the omission to its attention.

The minute order filed after the June 23, 2020 hearing contained the following statements: "Defendant and counsel admit to violation of probation in open court." "The defendant is to pay a restitution fine pursuant to section 1202.4(b) Penal Code in the amount of $300." "Defendant is to pay a parole restitution fine, pursuant to Penal Code section 1202.45, in the amount of $300.00 said [*sic*] fine is stayed and the stay is to become permanent upon successful completion of parole." Both $300 fines were also listed on the abstract of judgment filed on July 7, 2020.

Appellant timely filed a notice of appeal.

## DISCUSSION

## I.  Erroneous Statement Regarding Admission

Appellant first contends, and respondent agrees, that the minute order inaccurately states that he and his counsel admitted the probation violation. We agree this statement conflicts with the reporter's transcript and order it stricken.

4

When a reporter's transcript and clerk's transcript contain discrepancies that cannot be reconciled, "the part of the record that will prevail is the one that should be given greater credence in the circumstances of the case." (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346, citing *People v. Harrison* (2005) 35 Cal.4th 208, 226.) The record in this case indicates that the reporter's transcript, which documents not only appellant's refusal to admit the violation but also an ensuing contested hearing, should be given credence over the minute order suggesting that no such hearing was held. It follows that the statement in the minute order that "Defendant and counsel admit to violation of probation in open court" is the result of a clerical error.

"It is not open to question that a court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts." (*In re Candelario* (1970) 3 Cal.3d 702, 705.) Here, the true facts evidenced by the reporter's transcript and agreed upon by the parties are that appellant declined to admit he violated probation, and the court found he did only after considering evidence and hearing argument from the parties. We accordingly order the sentence "Defendant and counsel admit to violation of probation in open court" stricken from the minute order.

## II. Erroneously Recorded Fines

Appellant contends that the minute order and abstract of judgment erroneously reflect that the court imposed a $300 restitution fine under section 1202.4, subdivision (b) and a $300 parole revocation restitution fine under section 1202.45. He requests that we strike the fines from the minute order and abstract of judgment. Respondent agrees that the minute order

5

and abstract of judgment are in error, but requests that we remand the matter so the court may "determine and orally pronounce whether it is imposing the restitution and parole revocation fines, pursuant to sections 1202.4 and 1202.45, or state compelling reasons for not imposing the fines." Respondent further requests that we direct the court to impose a court security fee (§ 1465.8) and conviction assessment fee (Gov. Code, § 70373) on remand.

Section 1202.4, subdivision (b) provides: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (§ 1202.4.) The amount of any restitution fine imposed lies within the court's discretion, but for felony convictions "shall not be less than three hundred dollars ($300) and not more than ten thousand dollars ($10,000)." (§ 1202.4, subd. (b)(1).) Section 1202.45 further requires the court to, "at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4," if the defendant's sentence includes a period of parole. (§ 1202.45, subd. (a).) In other words, both fines must be imposed in a minimum amount of $300 "unless the sentencing court, in the words of the statute, 'finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.'" (*People v. Tillman* (2000) 22 Cal.4th 300, 302 (*Tillman*).)

Restitution fines are considered part of the trial court's judgment. (*People v. Hong* (1998) 64 Cal.App.4th 1071, 1080.) A trial court is generally required to include all aspects of a

6

judgment in its oral pronouncement of judgment. (*People v. Leon* (2020) 8 Cal.5th 831, 855.) "Any discrepancy between the judgment as orally pronounced and as recorded in the clerk's minutes or abstract of judgment is presumed to be the result of clerical error. [Citation.] The abstract of judgment 'does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize.'" (*Ibid.*, quoting *People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Thus, when an oral judgment differs from a minute order or an abstract of judgment, the oral judgment takes precedence.

Here, the court did not orally impose restitution fines under section 1202.4 or 1202.45. The minute order and abstract of judgment indicating otherwise accordingly are in error. We agree with appellant that we may correct this error by striking the fines from the minute order and abstract of judgment and reject respondent's request for remand to afford the trial court another opportunity to orally impose the fines.

We find *Tillman, supra*, 22 Cal.4th 300 instructive and controlling.[2] In *Tillman,* as here, the trial court failed to impose

---

[2]*Tillman* was decided on February 24, 2000, after the January 1, 2000 initial effective date of section 1202.46, and therefore was not legislatively overruled by it. (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208 fn. 3.) Section 1202.46 provides: "Notwithstanding Section 1170, when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. This section does not prohibit a victim, the district attorney, or a court on its own motion from

the restitution fines and did not state on the record its reasons for not imposing them.  (*Id.* at p. 303.)  The defendant appealed the judgment, and while the case was pending the prosecution asked the court of appeal to amend the judgment to add the fines.  (See *id.* at p. 302.)  The court of appeal did so, and the Supreme Court reversed, concluding that "the waiver doctrine bars the People from obtaining the relief they seek on appeal."  (*Ibid.*)

*Tillman* quoted and emphasized *People v. Scott* (1994) 9 Cal.4th 331, 353, in which it previously held that defendants may waive their right to challenge on appeal a trial court's failure to properly make or articulate discretionary sentencing decisions by failing to object in the trial court:  "'Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing.  *Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention.*  As in other waiver cases, we hope to reduce the number of errors committed in the first instance and preserve the judicial resources otherwise used to correct them.' (*People v. Scott, supra*, 9 Cal.4th at p. 353, italics added.)"  (*Tillman, supra*, 22 Cal.4th at p. 303.)  The Court then explained that "[t]he same rationale applies in this case. The trial court here failed to state on the record its reasons for not imposing the restitution fines; the *Scott* trial court failed to state on the record its reasons for making a discretionary sentencing choice, a finding required by section 1170.  In *Scott*, we held the defendant's objection to the trial court's omission had been

---

requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine pursuant to Section 1202.4."

waived by the failure to make it at the time of sentencing. Here, we conclude the People's failure to object leads to the same result." (*Ibid.*)

As in *Tillman*, the court here erred by failing to comply with sections 1202.4, subdivision (b) and 1202.45, subdivision (a), which required it to either impose the fines or state its reasons for declining to do so. The court did neither. *Tillman* holds that this type of error[3] is not correctable on appeal unless timely brought to the trial court's attention. Nothing in the appellate record indicates that any such objection was made. Thus, to the extent respondent seeks to correct the error by affording the trial court another opportunity to impose the fines on remand, the waiver doctrine bars it from doing so. The time to object to the lack of fines or absence of reasons for not imposing the fines was in the trial court, not on appeal.

Respondent accurately contends that *People v. Zackery* (2007) 147 Cal.App.4th 380 (*Zackery*) suggests otherwise. In *Zackery*, as here, the minute order issued after a sentencing hearing inaccurately stated that the trial court orally imposed restitution fines under sections 1202.4 and 1202.45. (*Zackery*, *supra*, 147 Cal.App.4th at p. 388.) The Attorney General urged the appellate court to presume the trial court recognized its error in failing to impose mandatory restitution fines and, in conformance with section 1202.46, directed the clerk to correct the minutes by including the fines. (See *ibid.*) The appellate court rejected this argument in part, concluding that the trial

---

[3]The errors in the minute order and abstract of judgment are not of this type, as nothing in the record suggests that appellant had an opportunity to call them to the attention of the court without resorting to the appeal process.

9

court could not make such a correction without pronouncing the judgment orally in the presence of the defendant. (*Ibid.*) The appellate court ordered the fines stricken from the minutes and abstract of judgment, but nevertheless "remand[ed] the case to the trial court to determine whether to impose restitution [fees]." (*Id.* at p. 389.)

Respondent asserts that, under *Zackery*, "it is evident that this case should be remanded to the trial court for it to determine and orally pronounce whether it is imposing the restitution and parole revocation fines, pursuant to sections 1202.4 and 1202.45, or state compelling reasons for not imposing the fines." Yet neither *Zackery* nor respondent acknowledges *Tillman*, by which we are bound unless and until it is overruled.[4] (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456.) We apply *Tillman* here, not *Zackery*, and order the fines stricken from the minute order and abstract of judgment.

Because we conclude remand is not an appropriate remedy in this case, we necessarily reject respondent's request to direct the trial court to impose additional fees under section 1465.8 and Government Code section 70373 on remand.

---

[4]Appellant also fails to cite *Tillman*. He instead relies primarily on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 to argue that striking the fines from the minute order and abstract of judgment "will not result in an unauthorized sentence, as this restitution fine is not mandatory in all cases." In his reply brief, appellant argues that respondent has forfeited the ability to challenge the trial court's decisions regarding the fines, but he does not cite *Tillman* in support thereof.

## DISPOSITION

We direct the superior court clerk to correct the minute order of the probation revocation hearing by deleting the sentence stating, "Defendant and counsel admit to violation of probation in open court." We further direct the clerk to correct both the minute order of the probation revocation hearing and the abstract of judgment to reflect that no restitution fines were imposed, and to forward an amended abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is affirmed in all other respects.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


MANELLA, P. J.


CURREY, J.

11